CHENAULT et v McLEAN

Ohio Appeals, 2nd Dist, Fayette Co.

Decided Nov 25, 1933

W. S. Paxson, Washington Ct. House, for plaintiff in error.

N. P. Clyburn, Washington Ct. House, Troy T. Junk, Washington, Ct. House, and Maddox & Maddox, Washington Ct. House. for defendant in error.

## OPINION

### By KUNKLE, J.

This motion was submitted to the trial court and both branches of the motion asking that the amended complaint be made more definite and certain were sustained. The branch of the motion asking that the averment in reference to the assistant prosecuting attorney be stricken out was also sustained.

The transcript of the docket and journal entries filed herein does not contain the ruling of the trial court upon such motion. The transcript of the docket and journal entries contains the rulings of the court upon various other propositions but we find no recital therein of the rulings of the trial court upon the motion in question.

We do find, however, among the papers in the case an entry based upon such motion and which is approved by the trial court and also by various counsel and bearing the file mark of the clerk of date October 5, 1933.

We will assume this is the original entry containing the rulings of the trial court upon the said motion.

This entry after sustaining the motion in all of its branches concludes as follows:

"Thereupon the complainants not desiring to plead further, it is considered by the court that the said Norman L. McLean, Prosecuting Attorney of Fayette County, go hence without day and recover from the complainant costs herein expended and this action is dismissed. To all of which the complainants except."

Ordinarily error can not be prosecuted to this court from the rulings of a trial court upon a motion to make more definite and certain.

The entry above quoted however shows that the complainants did not desire to comply with the court's ruling in reference to making the amended complaint more definite and certain or to plead further and thereupon the trial court dismissed the proceeding. This constitutes a final order.

We have considered the amended complaint with care.

There has also been filed with us extensive briefs by counsel for complainants and counsel for the Prosecuting Attorney. These briefs clearly disclose considerable feeling between counsel in reference to this proceeding.

There has also been filed with us the written opinion of Judge McBride who set as the trial judge upon the hearing of this motion. His reasons for sustaining the motion are set forth in such decision.

The statute governing a proceeding of this nature is definite. It provides that **distinct charges and specifications** of wanton and wilful neglect of duty or **gross misconduct** in office by the prosecuting attorney shall be set forth in the complaint.

The prosecuting attorney is entitled to know the exact charges and specifications relied upon to secure his removal.

The amended complaint is somewhat lengthy and we shall not quote the same in detail. This will be unnecessary as counsel are thoroughly familiar with its averments. In brief, however, the charges could be summed up into two specifications.

(1) That Norman L. McLean as such Prosecuting Attorney has wantonly and wilfully neglected to have assigned for trial and re-try the indictment against M. S. Daugherty in case 2807.

(2) That said Norman L. McLean as such Prosecuting Attorney has wantonly and wilfully neglected and refused to again present to the grand jury of Fayette County the matters complained of in the indictments enumerated in detail in the amended complaint and which indictments were nolled by him, although there have been several terms of court and several sessions of the grand jury since such indictments were nolled and as a result of said wanton and wilful neglect of duty on the part of said Norman L. McLean said Daugherty has not been prosecuted for said alleged violations of the banking laws.

The history of the trials under case No: 2807 is recited in detail in the amended complaint as well as the fact that certain indictments were nolled upon the application of said prosecuting attorney and for the reason stated in the amended complaint.

The section of the Code above quoted provides that **distinct charges and specifications** of such wanton and wilful neglect of duty shall be set forth. The terms wanton and wilful constitute a conclusion rather than a statement of fact.

The prosecuting attorney is entitled to know what conduct or specific acts of his will be relied upon to establish such conclusion of wantonness and wilfulness.

The mere fact that indictments were nolled upon the application of the prosecuting attorney would not of itself necessarily constitute either wanton or wilful neglect. If such recommendation was the result of dishonesty or from any improper motive upon the part of the prosecuting attorney, then such recommendation of the prosecuting attorney would constitute wanton conduct. It is well understood that a prosecuting attorney can not nolle an indictment. The indictment must be nolled by the court, but may be nolled by the court only upon the recommendation of the prosecuting attorney. If the complaint set forth any facts showing that such recommendation upon the part of the prosecuting attorney was made through improper motives, then a different proposition would be presented. The amended complaint does not state any reason for his not re-assigning or re-trying case No. 2807. We can not tell from a reading of the amended complaint whether his reasons for failing to re-assign and try case No. 2807 were valid and proper or whether they were the result of some improper motive upon his part.

Courts are required to indulge a presumption that official acts are valid and are done in good faith. It would seem that sufficiency of pleading would require an averment that if reliance was to be placed upon the claim that the prosecutor nolled certain of the indictments to prevent their dismissal because of the three term rule that it be averred that this was the sole reason for the nolle and that no other reason was existent at the time of filing the amended complaint. Then too, it would seem advisable that some averment be made to the effect that the facts existent at the time the cause of complaint arose were such that a grand jury would be required in good

faith upon presentation of them to return an indictment.

We cannot escape the conclusion that the rulings of the trial court upon this motion were correct. Had the attorney for complainants complied with such rulings and heard the case upon its merits the result of such hearing might have beén entirely satisfactory to complainants.

From a study of the amended complaint we can not escape the conclusion that the prosecuting attorney was entitled to have the amended complaint made more definite and certain in the respects suggested. We do not think it material whether the averment in reference to the assistant prosecuting attorney remained in the amended complaint or was stricken out. We do not think, however, that the trial court erred in making the ruling which it did upon that branch of the motion.

Finding no error in the record which we feel would warrant a reviewing court in disturbing the judgment of the lower court, the same will be affirmed.

HORNBECK, PJ, and BARNES, J, concur.