2,867 SIGNERS OF PETITION FOR REMOVAL OF MACK, APPELLANTS, *v.* MACK, APPELLEE.

(No. 839—Decided March 21, 1979.)

Messrs. *Oberholtzer, Filous & Chase* and *Mr. John C. Oberholtzer,* for appellants.

Messrs. *Squire, Sanders & Dempsey, Mr. Eric M. Oakley* and *Mr. David J. Millstone,* for appellee.

VICTOR, J. This appeal is from a final judgment of the Court of Common Pleas of Medina County dismissing the cause of action.

On June 7, 1978, plaintiffs-appellants, 2,867 signers of a complaint (hereinafter referred to as the plaintiffs), commenced an action for the removal of Fred P. Mack, defendant-appellee, as a member of the Board of Education for the Brunswick City School District. Paragraph No. 3 of the complaint alleges 16 separate grounds for removal as follows:

"(a) Failure to continue negotiations with the Brunswick Educational Association.

"(b) Paying substitute teachers more money than teachers under contract.

"(c) Failure to accept the impasse and or arbitration panel's report.

"(d) Failure to invoke the Ferguson Act as required by the Ohio Revised Code.

"(e) For wilfully and flagrantly refusing to enforce the law of the State of Ohio.

"(f) Wilfully neglecting to enforce the law of the State of Ohio.

"(g) Wilfully and neglectfully performing any official duty imposed upon him by law.

"(h) For being guilty of gross neglect of duty.

"(i) For being guilty of misfeasance, malfeasance and nonfeasance of office.

"(j) Failure to provide the minimum school days as required by Ohio Revised Code 3313.48.

"(k) Voting in executive session on the report of impasse panel contrary to Ohio Revised Code 121.22.

"(l) Failure to conduct negotiations concerning the employment of teachers contrary to Ohio Revised Code § 3319.07.

"(m) Employing legal counsel contrary to Ohio Revised Code § 3313.35.

"(n) Approving the paying of excessive legal fees.

"(o) Allowing the filing and prosecution of a law suit without approval by vote of the Board of Education of the Brunswick City School District.

"(p) Failing to attend a hearing for contempt on April 8, 1978."

On July 3, 1978, the defendant filed a motion to strike and dismiss the complaint for removal. In that motion, the defendant alleged that the complaint did not comply with the pro-

cedures for removal under R. C. 3.07 to 3.10, failed to state a claim upon which relief could be granted and was so vague and ambiguous that the defendant could not reasonably be required to answer.

In plaintiffs' motion in opposition to defendant's motion to dismiss, plaintiffs sought leave of court to amend the complaint. However, no proposed amendment was ever offered.

After a hearing on defendant's motion, the trial judge granted the motion to dismiss and denied plaintiffs' motion for leave of court to amend the complaint, stating the following:

"[Because]***the allegations contained in the petitions are so indefinite and/or broad in nature that they wholly fail to provide defendant with notice of charges which, if proven, would constitute misconduct in office, as provided in Ohio Revised Code Secs. 3.07 and 3.08, the complaint presently before the court must be dismissed, without prejudice, since any amendment of the 'charges' would require a recirculation of the petitions."

The plaintiffs appeal that dismissal.

### Assignment of Error No. I.

Assignment of Error No. I reads as follows:

"It was error for the Common Pleas Court to dismiss the complaint for removal because such complaint does state sufficient allegations, which if proven, are grounds for removal of a public official."

R. C. 3.07 enumerates the grounds for forfeiture of office for misconduct in office and reads, in part, as follows:

"Any person holding office in this state, or in any municipal corporation, county, or subdivision thereof, coming within the official classification in Section 38 of Article II, Ohio Constitution, who willfully and flagrantly exercises authority or power not authorized by law, refuses or willfully neglects to enforce the law or to perform any official duty imposed upon him by law, or is guilty of gross neglect of duty, gross immorality, drunkenness, misfeasance, malfeasance, or nonfeasance is guilty of misconduct in office.***"

It is not disputed that a member of a board of education is subject to the provisions of this statute.

Removal proceedings are quasi-penal in nature and should be strictly construed (see *McMillen* v. *Diehl* [1934], 128 Ohio

St. 212, 214-215); and, the law does not favor the removal of a duly elected official. *State, ex rel. Corrigan,* v. *Hensel* (1965), 2 Ohio St. 2d 96. Section 38, Article II of the Ohio Constitution requires notice of the charges and a hearing, before a public office shall be forfeited. See *State, ex rel. Hoel,* v. *Brown* (1922), 105 Ohio St. 479. The "notice and hearing" requirement is also contained in R. C. 3.08, which sets out the procedure to be followed for removal of public officers.

Under R. C. 3.08, the proceedings for removal commence upon the filing of "***a written or printed complaint *specifically* setting forth the charge and signed by qualified electors***." (Emphasis added.)

In *Zumstein* v. *Tafel* (1897), 6 O.D. 484, 489-490, it was held that while the charges in the complaint or in the petitions need not conform to the technical niceties of a criminal indictment, the charges must be stated with specificity and set out with substantial certainty. In *Kerr* v. *Hinkle* (1902), 12 O.D. 365, 368, the court spoke of a "settled rule of law" that charges against an officer "***must be specific***and must aver facts and not conclusions.***"

We find that the statutes and case law cited above require the court to determine whether the complaint for removal is sufficiently definite and certain so as to permit the officer charged with misconduct in office to adequately prepare his defense. See *In re Tunstall* (1939), 28 Ohio Law Abs. 635, 639.

In the present case, paragraphs 3(e), (f), (g), (h) and (i) of plaintiffs' complaint are simply restatements of the grounds for removal contained in R. C. 3.07. They are mere conclusions of law. As such, these allegations are inadequate to reasonably inform defendant of the acts of misconduct with which he is charged. There is not anything in these conclusive statements to indicate what act, or acts, on the part of the defendant, constitutes his alleged misconduct in office, or when this alleged misconduct occurred. The defendant could not reasonably prepare his defense from these "charges," and the trial court properly dismissed these conclusions of law.

The remaining allegations in paragraph No. 3 of the complaint, parts (a), (b), (c), (d), (j), (k), (l), (m), (n), (o) and (p), not only lack specificity, but they also deal with matters that, in our judgment, if proven, would not constitute misconduct in office. The defendant is only one member of the board. The

board as a whole has discretionary powers; the exercise or nonexercise of these powers is actionable only upon a showing of abuse of discretion. For example, paying substitute teachers more than teachers under contract is a matter of discretion on the part of the board. No abuse of discretion is alleged. The defendant, as an individual member of the board, cannot be held liable for misconduct in office under R. C. 3.07 for legitimate acts performed by the board as a whole. Similarly, when the board, under the proper exercise of its discretion, fails to invoke the Ferguson Act (R. C. Chapter 4117), or "fails" to negotiate with teachers who are engaged in an illegal strike, an individual member of the board has not refused to perform an official duty.

If the plaintiffs do not agree with the board's decisions, the proper forum is the ballot box, not the courtroom.

In its present form, the complaint fails to give the defendant adequate notice of the specific charges against him. Both R. C. 3.08 and fundamental fairness require that the same be done. The complaint was properly dismissed and Assignment of Error No. I is rejected.

### Assignment of Error No. II.

Assignment of Error No. II reads as follows:

"It is error for the court of common pleas to dismiss the complaint in this proceeding and not allow the petitioners to amend such complaint."

Pursuant to R. C. 3.08 a complaint must be signed by a certain percentage of qualified electors of the "***political subdivision whose officer it is sought to remove***." Can a complaint, which is not sufficiently specific to apprise an officer, whose removal is sought, of the charges against him, be amended? Our answer is, "No."

As pointed out by Judge Hurd, in In re Tunstall, supra, at page 639, permitting such amendment would nullify the charges. Any amendment to the charges would require recirculation of the petitions and the filing of a new action. Thus, the court in In re Tunstall, supra, at page 639, held that the signers of the petitions "***are the only persons authorized***to make and bring the charges and***[no one] can be authorized or delegated by them to change or amend the charges.***"

Plaintiffs contend that Civ. R. 15(A) permits the amendment of the complaint. However, an action for the removal of a public officer is a special statutory proceeding to which the Civil Rules do not apply. Civ. R. 1(C)(7).

Since we find no statutory procedure to permit amendment of the charges and since the complaint is legally insufficient as filed, we affirm the judgment of the trial court in dismissing the complaint without prejudice.

*Judgment affirmed.*

BELL, J., concurs.

MAHONEY, P. J., concurs in the judgment.