DANIEL L. SWEETING vs. CAIRNS & BROTHER, INC.

No. 90-P-720.

Suffolk. November 15, 1991. - January 27, 1992.

Present: BROWN, FINE, & IRELAND, JJ.

*Negligence*, Manufacturer, Eye shield, Proximate cause, Design, Duty to warn. *Proximate Cause. Warranty.*

In an action by a firefighter who was injured while wearing a helmet equipped with a protective eye shield, against the manufacturer of the shield, any alleged inconsistency in the jury's answers to special questions on liability for negligence and for breach of warranty was without significance, where the evidence was insufficient to permit recovery on either theory. [27-30]

CIVIL ACTION commenced in the Superior Court Department on January 5, 1984.

The case was tried before *Barbara J. Rouse*, J., and a motion to amend the judgment or, in the alternative, for a new trial was heard by her.

*John B. Rest* (*Deborah M. Santello* with him) for the plaintiff.

*Robert P. Powers* (*Stephen W. Sutton & Jeffrey C. Melick* with him) for the defendant.

IRELAND, J. The plaintiff, Daniel L. Sweeting, was injured during the performance of his duties as a firefighter for the city of Brockton. His injury occurred while Sweeting was attempting to help a person locked out of his apartment. He was climbing a ladder to gain access to the fire escape of the building. Before starting to climb, he looked up to plan his route and saw an opening he would have to enter to reach the next level; this opening had a bar across it which he knew he would have to negotiate in order to get through the opening. As he climbed the ladder from the second to third level, he hit his head. At the time, he had no idea on what he had

hit his head. He testified at trial that he had clear vision, saw the opening, and went for it.

At the time of his injury, Sweeting was wearing a helmet equipped with a "Bourke Safety Eye Shield" manufactured by the defendant, Cairns & Brother, Inc. (Cairns). Sweeting's theory is that the eye shield on the helmet blocked his vision; he alleged that (1) Cairns's negligence and breach of warranty in the design and manufacture of a dangerous and defective eye shield caused his injuries, and (2) the failure of Cairns to provide warnings to the user concerning foreseeable risks associated with the use of the eye shield was both negli-- gent and a breach of the warranties of merchantability and fitness.

At the conclusion of the evidence, Cairns moved for a directed verdict on both negligence and breach of warranty, arguing that the evidence was insufficient to provide a basis for recovery against it under either theory. The motion was denied.[1]

As a result of the jury's verdict, judgment was entered for Cairns, and Sweeting appealed. Because there was insuffi-

---

[1] The case then went to the jury in the form of special questions, to which both parties agreed, pursuant to Mass.R.Civ.P. 49(a), 365 Mass. 812 (1974). In their answers to specific special questions, the jury found that both Sweeting and Cairns were negligent and that their combined negligence caused Sweeting's injuries. They attributed sixty-four percent of the negligence to Sweeting and thirty-six percent to Cairns. (The defendant was entitled to judgment, therefore, on the negligence claim. See G. L. c. 231, § 85. Sweeting does not dispute this.) Additionally, the jury found on the warranty counts that Cairns had breached its warranty by failure to give adequate warnings but that the defective design of the Bourke eye shield did not cause or contribute to Sweeting's injuries.

Sweeting's counsel asserted the answers were inconsistent and requested that the trial judge require the jury, before being dismissed, to resolve the inconsistency. The judge refused to allow further deliberation and ruled that the answers to the special questions were not inconsistent. Judgment was entered for Cairns. Sweeting then filed a motion to amend the judgment or, in the alternative, for a new trial pursuant to Mass. R.Civ.P. 59(a), 365 Mass. 827 (1974), which was denied.

While we tend to agree that there was an inconsistency in the verdict (and it appears that an additional special question on failure to warn would have been prudent), we also conclude that Cairns's motion for directed verdict should have been allowed. Consequently, we do not reach the inconsistent verdict argument and affirm on other grounds.

cient evidence adduced at trial that the use of the eye shield caused Sweeting's injury to justify a favorable verdict on either the negligence or the breach of warranty theory, we affirm.

Sweeting's expert testified that he did not know if the bar would have been visible to Sweeting but that the shield would have reduced the angle of vision available. He also testified that it was unlikely that Sweeting would ever have seen the warning literature provided by Cairns because the fire department maintenance department was in charge of changing the lenses of the shields. Moreover, Sweeting admitted that he knew staining of the lens could occur. See *Colter* v. *Barber-Greene Co.*, 403 Mass. 50, 59 (1988) (court found that admitted knowledge of dangers inherent in the product relieves the company of liability because the defendant's failure to warn was not the proximate cause of the injury); *Bavuso* v. *Caterpillar Industrial, Inc.*, 408 Mass. 694, 699 (1990).

On these facts, we do not believe a reasonable jury could find that Cairns's failure to warn of possible vision restriction was responsible for Sweeting's injury. There was no direct evidence that the eye shield was defective on the day of the accident, and no witness testified that he would have seen the bar but for the eye shield. While a warning may be considered part of the design, and failure to provide a sufficient warning may amount to a design defect, 3 American Law of Products Liability 3d § 34:29 (Law. Co-op. 1987); *C & S Fuel, Inc.* v. *Clark Equip. Co.*, 552 F. Supp. 340, 347-348 (E.D. Ky. 1982), there appears to have been a remote "possibility rather than a probability" that a warning from Cairns would have saved Sweeting from hitting the bar. *Swartz* v. *General Motors Corp.*, 375 Mass. 628, 632 (1978). "A verdict may not be based on conjecture and surmise, and expert opinion does not help if it is demonstrated that it rests on speculation." *Id.* at 633. Although it is apparent that Sweeting did hit the bar, causing his injury, this is obviously not enough to establish liability on Cairns's part. *Olofson* v. *Kilgallon*, 362 Mass. 803, 805 (1973). Sweeting's account of

how the accident happened was "quite empty" and left any responsibility on the part of Cairns to "mere surmise." *Barry v. Stop & Shop Cos.,* 24 Mass. App. Ct. 224, 228 (1987).

In sum, there was insufficient evidence for a jury to find for Sweeting. We accordingly affirm. The denial of the post-trial motion for a new trial is likewise affirmed.

*So ordered.*