DECISION AND JOURNAL ENTRY
Appellant James Joseph Pengov, Jr. has appealed from a judgment of the Lorain County Common Pleas Court that dismissed his complaint to remove the Lorain County Prosecutor (the Prosecutor) from office. Without passing on the substance of the complaint, this Court concludes that the trial court committed a technical error by applying the Ohio Rules of Civil Procedure. As such, this Court has no choice but to reverse and remand for proceedings consistent with this decision.
 I.
On September 20, 1999, Pengov filed a written complaint in the Lorain County Common Pleas Court, alleging that the Prosecutor should be removed from office, pursuant to R.C. 309.05. That section provides:
 On complaint, in writing, signed by one or more taxpayers, containing distinct charges and specifications of wanton and willful neglect of duty or gross misconduct in office by the prosecuting attorney, and filed in the court of common pleas, the court shall assign the complaint for hearing and shall cause reasonable notice of such hearing to be given to the prosecuting attorney of the time fixed by the court for the hearing. At the time so fixed, or to which the court adjourns the hearing, such court shall hear the evidence adduced by the complainants and the prosecuting attorney. If it appears that the prosecuting attorney has willfully and wantonly neglected to perform his duties, or has been guilty of gross misconduct in office, the court shall remove him from office and declare such office vacant. Otherwise the complaint shall be dismissed, and the court shall render judgment against the losing party for costs.
After filing an answer, the Prosecutor invoked Civ.R. 12(C) and moved the trial court for judgment on the pleadings. Without conducting a hearing, on November 10, 1999, the trial court granted the Prosecutor's motion and dismissed the complaint. Pengov timely appealed, asserting two assignments of error.
 II. The trial court committed reversible error in dismissing the complaint against [the Prosecutor] without first having a hearing on said complaint.
In his first assignment of error, Pengov has advanced several arguments. First, he has argued that the Ohio Rules of Civil Procedure do not apply in a proceeding brought pursuant R.C.309.05. Second, Pengov has maintained that the express language of R.C. 309.05 requires a trial court to conduct an evidentiary hearing prior to dismissing a complaint, if that complaint is well-pled. Finally, he has asserted that because the trial court failed to conduct an evidentiary hearing before entering judgment, the matter must be reversed and remanded in order for the lower court to schedule and conduct its hearing.
In response, the Prosecutor has argued that the Ohio Rules of Civil Procedure do have application in special statutory proceedings, specifically the removal of a county prosecutor, because the statute does not set forth a procedure that would otherwise preclude their application. He has further contended that the trial court's application of Civ.R. 12(C) was proper, as a matter of law. Finally, the Prosecutor has claimed that the trial court was not required to hold a hearing because of its ruling pursuant to Civ.R. 12(C).
This Court would begin by noting that an action to remove a county prosecutor did not exist at common law. As a result, a suit brought pursuant to R.C. 309.05 is a special statutory proceeding. Such a determination necessarily implicates Civ.R. 1(C)(7), which provides that the Ohio Rules of Civil Procedure, "to the extent that they would by their nature be clearly inapplicable, shall not apply * * * in * * * special statutory proceedings[.]" See, e.g., Petro v. North Coast Villas, Ltd. (Jan. 26, 2000), Summit App. No. 19618, unreported, at 7, fn. 3. Indeed, this Court has previously held that the Ohio Rules of Civil Procedure have no application in an action for the removal of a public official. 2,867 Signers v. Mack (1979), 66 Ohio App.2d 79,84. But, see, Woodman v. Tubbs Jones (1995), 103 Ohio App.3d 577,583.
Pengov filed the instant action pursuant to R.C. 309.05, a special statutory proceeding. After the initial and responsive pleadings were filed, the Prosecutor moved for judgment on the pleadings pursuant to Civ.R. 12(C). On November 10, 1999, the trial court granted the same. Nevertheless, because the Ohio Rules of Civil Procedure are not applicable in actions for the removal of a public official, the trial court's application of Civ.R. 12(C) was in error.
Having determined that the trial court erred in applying the Ohio Rules of Civil Procedure, this Court turns to whether an evidentiary hearing must be conducted. Pengov has aptly noted that if a R.C. 309.05 complaint is well-pled, the trial court must hold an evidentiary hearing. See Murr v. Meyer (July 10, 1987), Ottawa App. No. OT-86-70, unreported, 1987 Ohio App. LEXIS 7843, at *2-3 (holding that if the complaint is not well-pled, a hearing is not mandatory to the disposition of a claim brought under R.C.309.05). In other words, an evidentiary hearing is not automatic in a R.C. 309.05 action for removal, but should be conducted if the complaint is well-pled. Furthermore, because such is a statutory cause of action, a complainant and his or her allegations must come within the language of the statute. Murr,supra, at *2-3, citing Chenault v. McLean (1933), 48 Ohio App. 284,287. Thus, pursuant to R.C. 309.05, a complaint must contain distinct charges and specifications of neglect of duty or misconduct in office. See Chenault, 48 Ohio App. at 284-285.
In the case at bar, Pengov's complaint alleged that on May 11, 1998, a law enforcement officer in the Lorain County Sheriff's Office initiated an investigation into whether Jason Daniel Smith, age twenty-two, had engaged in sexual relations with a thirteen-year-old girl during 1997. The complaint further alleged that a report regarding Smith's conduct had been forwarded to and reviewed by the Prosecutor and his staff. Next, the complaint alleged that Smith had admitted to having sexual relations with the child and that such actions are a violation of R.C. 2907.04, a felony of the fourth degree. Finally, the complaint alleged that the Prosecutor had personal and professional knowledge of Smith's illegal conduct and that the Prosecutor's failure to prosecute the same constituted a wanton and willful neglect of his official duties as the county prosecutor. This Court concludes, as a matter of law, that Pengov's allegations come within the language of R.C. 309.05. Hence, on remand, the trial court must conduct an evidentiary hearing.
In closing, this Court wishes to underscore that this decision does not address or intimate any opinion on the substance of Pengov's complaint. This decision examines only the procedural deficiency below. As a result, this Court declines to address Pengov's second assignment of error. See App.R. 12(A)(1)(c).
 III.
Pengov's first assignment of error is sustained. His second assignment of error is moot. The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this decision.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT, BATCHELDER, P. J., CARR, J., CONCUR