This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Paul Douglas Smith, appeals from a judgment of the Summit County Court of Common Pleas that granted summary judgment to appellee, Ralph Capriolo, on Smith's claims against him for legal malpractice. This Court affirms.
 I.
In 1994, Capriolo was appointed to defend Smith against criminal charges of felonious assault, robbery, and endangering children. Following a jury trial, Smith was convicted of endangering children and of assault, a lesser included offense of felonious assault. At the conclusion of Smith's sentencing, the trial court allowed Capriolo to withdraw as counsel and it appointed new counsel to represent Smith on appeal. The trial court journalized its appointment of new counsel on July 18, 1994.
On January 12, 1999, Smith filed a complaint for legal malpractice against Capriolo. Although he indicated in his complaint that he was refiling a case that he had voluntarily dismissed on January 12, 1998, the record includes none of the filings from the prior case. Capriolo filed an answer in which he asserted, among other defenses, that Smith's complaint had been filed outside of the applicable statute of limitations.
On April 8, 1999, the trial court scheduled a pretrial for May 20, 1999. On April 21, 1999, Capriolo filed a motion for summary judgment and, at the same time, sought leave to file his motion pursuant to Civ.R. 56(B). Six days later, Capriolo filed a corrected motion for summary judgment along with a motion to substitute his corrected summary judgment motion for the one he had originally filed. Capriolo's motion to substitute explained that his original summary judgment motion contained a clerical error and that, other than correcting that error, the corrected motion was identical to the original motion in all respects.
Smith moved to strike Capriolo's original summary judgment motion as untimely and later filed a brief in opposition to Capriolo's motion to substitute his corrected summary judgment motion. On May 24, 1999, the trial court denied Smith's motion to strike and found that "[d]efendant's motion for summary judgment is properly filed." The trial court further ordered that "[p]laintiff has until June 4, 1999 to respond to this motion for summary judgment." (Emphasis sic.)
Smith never filed a response to Capriolo's summary judgment motion. On October 25, 1999, however, Smith moved to strike some of the evidentiary materials that Capriolo had submitted with his motion for summary judgment. The trial court denied this motion at the same time it ruled on Capriolo's motion for summary judgment.
The substance of Capriolo's summary judgment motion focused on the defense of the statute of limitations. He asserted that the one-year statute of limitations for legal malpractice actions had expired before Smith filed his complaint. Capriolo submitted supporting evidence along with his motion. On January 31, 2000, the trial court granted summary judgment in favor of Capriolo.
Smith appeals and raises four assignments of error. This Court will address his last two assigned errors in reverse order for ease of discussion.
 II. ASSIGNMENT OF ERROR I
 The court committed prejudicial error in overruling the appellant's motion to strike appellee's motion for summary judgment, when leave of court had not been obtained by the appellee in accordance with Civ.R. 56(A) [sic] prior to the filing of said motion for summary [judgment].
Smith first contends that the trial court erred in overruling his motion to strike Capriolo's motion for summary judgment for its failure to comply with Civ.R. 56. Specifically, because the trial court had set the case for a pretrial hearing, Civ.R. 56(B) provides that "a motion for summary judgment may be made only with leave of court." Smith contends that Capriolo failed to obtain leave and that such leave must be obtained prior to filing the motion for summary judgment. This Court is not persuaded by either argument.
On April 21, 1999, Capriolo filed his motion for summary judgment and, at the same time, sought leave to file it. The record reveals that, on May 24, 1999, the trial court granted Capriolo leave to file his summary judgment motion. Although the trial court did not specifically state that it granted Capriolo "leave," it overruled Smith's motion to strike Capriolo's summary judgment motion as untimely and indicated that "[d]efendant's motion for summary judgment is properly filed." Consequently, Smith's assertion that Capriolo failed to obtain leave is unfounded.
Smith also contends that such leave must be obtained prior to filing the motion and, because Capriolo did not obtain prior leave of court, his motion for summary judgment was not properly before the trial court. Smith's argument finds no support in the explicit language of Civ.R. 56 or any of the cases interpreting it.
When a defendant files a motion for summary judgment after the case has been set for trial or pretrial, Civ.R. 56(B) requires merely that the defendant obtain "leave of court." There is no language to even suggest that leave must be sought or obtained prior to filing the motion for summary judgment. In fact, it has been held that the trial court may grant leave by ruling on the merits of the summary judgment motion. SeeWoodman v. Tubbs Jones (1995), 103 Ohio App.3d 577, 582. Smith has failed to demonstrate that Capriolo's summary judgment motion was not properly before the trial court. The first assignment of error is overruled.
ASSIGNMENT OF ERROR II
 A court commits prejudicial error when it rules on a motion for summary judgment as motions are pending that would clarify evidentiary issues within that summary judgment motion.
Smith next asserts that the trial court erred in ruling on the merits of Capriolo's summary judgment motion because it had not yet ruled on pending motions that would have impacted evidentiary issues on summary judgment. Specifically, Smith points to two motions for which the trial court had not yet issued a ruling: (1) Capriolo's motion to substitute his corrected summary judgment motion and Smith's opposition to it, and (2) Smith's motion to strike evidence that Capriolo submitted with his motion for summary judgment. Smith asserts that, because the trial court did not rule on these motions before considering the merits of the motion for summary judgment, Smith did not know what to oppose on summary judgment and was "not afforded an opportunity to answer [Capriolo's] Motion for Summary [Judgment.]" This Court disagrees.
Although the trial court had not yet ruled on Capriolo's motion to substitute his corrected summary judgment motion, that should have had no impact on Smith's ability to respond. Capriolo's corrected summary judgment motion was virtually identical to his original motion. The second motion merely deleted an erroneous reference to a paragraph four of an attached affidavit that contained only three paragraphs. Capriolo made no substantive changes to the arguments and evidence that he had already submitted to the trial court. Therefore, even if Smith did not know which motion to respond to, he has failed to demonstrate any impact on his ability to prepare a response.
Smith next challenges the trial court's failure to rule, until it ruled on the summary judgment motion, on his untimely motion to strike some of the evidence submitted by Capriolo. The trial court had ordered Smith to submit his response to Capriolo's summary judgment motion by June 4, 1999. Smith never obtained an extension of that deadline. On October 25, 1999, more than four months after his deadline had passed, Smith filed a motion to strike some of the evidence submitted by Capriolo. Smith offered no explanation for the untimeliness of his request.
When a party fails to request a continuance pursuant to Civ.R. 56(F), a trial court generally is free to consider a motion for summary judgment. See BFI Waste Sys. Of Ohio v. Garfield Hts. (1994), 94 Ohio App.3d 62,74. "A party who fails to comply with the provisions of Civ.R. 56(F) waives any error in a trial court's premature ruling on a motion for summary judgment." Id., citing Benjamin v. Deffet Rentals (1981),66 Ohio St.2d 86 and Stegawski v. Cleveland Anesthesia Group, Inc. (1987), 37 Ohio App.3d 78, 87. As Smith failed to comply with Civ.R. 56(F), he waived his right to complain that the trial court's summary judgment ruling was premature.
Although a trial court has the authority to accept an untimely filing, Smith has not demonstrated that the trial court abused its discretion by failing to do so in this case. Civ.R. 6(B)(2) provides that "[w]hen by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in itsdiscretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]" A Civ.R. 6(B)(2) determination lies within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. Miller v. Lint (1980),62 Ohio St.2d 209, 213-214.
Smith failed to demonstrate that the untimely filing of his motion to strike was due to excusable neglect. In fact, he offered no explanation whatsoever for his delayed filing. As he had failed to obtain leave to file his untimely motion to strike, he was not justified in waiting for a response on the merits of his motion. Moreover, because Smith had not sought or obtained leave to file an untimely response to Capriolo's motion for summary judgment, he had no right to submit a response at that late date anyway. The second assignment of error is overruled.
ASSIGNMENT OF ERROR IV
 When an attorney fails to file a motion to withdraw from a case, pursuant to Summit County Loc.R. 7.20, that attorney still represents a defendant.
Smith's fourth assignment of error challenges the trial court's conclusion that this case was barred by the one-year statute of limitations for legal malpractice actions. Specifically, Smith contends that Capriolo never filed a written motion to withdraw as his counsel in the criminal case and that, consequently, Capriolo continued to represent Smith as his counsel.
"Although this Court conducts a de novo review of summary judgment, it is nonetheless a review that is confined to the trial court record. The parties are not given a second chance to raise arguments that they should have raised below. This Court will confine its review to the propriety of summary judgment based on the arguments and evidence before the trial court." Owens v. French Village (Aug. 18, 1999), Wayne App. No. 98CA0038, unreported, at 3.
Smith did not oppose summary judgment in the trial court. He cannot now make arguments and point to evidence when he did not do so below. Moreover, Smith is now attempting to point to evidence that is not even in the record. Because the record does not include the file of Smith's criminal case, this Court has no way of determining whether Capriolo filed a written motion to withdraw as Smith's counsel. The evidence in this case is limited to the materials submitted by the parties in this case.
Capriolo supported his summary judgment motion with evidence that included: an excerpt from Smith's sentencing hearing, Capriolo's own affidavit, and a journal entry from the trial court following the conclusion of the case. Each of these items of evidence indicated that Capriolo withdrew as Smith's counsel and that the trial court appointed new counsel to represent Smith on appeal. There is no evidence in the record to dispute the fact that Capriolo, with the trial court's permission, withdrew from his representation of Smith in July of 1994.
Therefore, given that fact, this Court must determine whether the trial court properly granted summary judgment on the ground that the case was time barred.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
A legal malpractice action must be filed within a year after the cause of action accrued. R.C. 2305.11(A). Smith filed his complaint in this case on January 12, 1999. The parties and the trial court all agreed, however, that Smith had originally filed a complaint against Capriolo on November 25, 1997, and that he complied with the savings provisions of R.C. 2305.19 by voluntarily dismissing the case and refiling it within one year. Although there is no evidence in the record to demonstrate these facts, this Court will use the November 25, 1997 date purely for the sake of discussion, because even that earlier filing date will not bring Smith's action within the one-year statute of limitations.[1]
Using November 25, 1997 as the date Smith commenced this action, Smith's cause of action was time barred unless it accrued on or after November 25, 1996.
A cause of action for legal malpractice accrues at the later of two dates: (1) when the attorney- client relationship for that particular transaction or undertaking ended, or (2) "when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney." Zimmie v. Calfee, Halter And Griswold (1989),43 Ohio St.3d 54, syllabus. The "cognizable event" is one "which should have alerted a reasonable person that a questionable legal practice may have occurred." Id. at 58.
Attached to his motion for summary judgment, Capriolo submitted evidence including an excerpt from the transcript of Smith's sentencing hearing, Capriolo's own affidavit, and a journal entry from the trial court in Smith's criminal case, each of which demonstrated that his representation of Smith ended in July of 1994.
Capriolo also presented evidence that he had received letters from Smith after their attorney-client relationship ended. Through these letters, Smith expressed his dissatisfaction with Capriolo's representation and even stated that certain inaction by Capriolo "makes you look like ineffective counsel[.]" Capriolo received these letters during August and early September, 1994. Through a letter dated September 14, 1994, Capriolo responded to some of Smith's questions and concerns that he had expressed in his letters. Capriolo indicated that, in response to Smith's request, he was enclosing Smith's entire case file that he had in his possession. Capriolo specifically informed Smith that "[i]f you are dissatisfied with my conduct which it appears that you are please discuss this matter with [your appellate attorney]. [He] is an experienced lawyer and will present all of your claims properly and at the proper time in the Court of Appeals[.]"
Through a letter dated November 17, 1995, Smith further detailed his dissatisfaction with Capriolo's representation, indicating specific criminal rules and constitutional provisions that he believed Capriolo had violated. Smith suggested that he was preparing a case against Capriolo, but stated that he believed in "giving an Attorney a chance to redeem himself before I `pull his ticket.'"
By the time Smith authored his letter to Capriolo on November 17, 1995, he clearly was aware that "a questionable legal practice may have occurred." Construing the evidence most strongly in Smith's favor, his cause of action had accrued by November 17, 1995, at the latest. He had one year from that date to file his complaint, which he failed to do.
Therefore, the trial court properly concluded that Smith's legal malpractice action was time barred and granted summary judgment on that basis. The fourth assignment of error is overruled.
ASSIGNMENT OF ERROR III
 A court commits reversible error when it alleges facts that are not in evidence to sustain summary judgment.
Through his third assignment of error, Smith challenges the trial court's finding that there were no genuine issues of material fact regarding the alleged negligence of Capriolo. Because this court determined under its discussion of Smith's fourth assignment of error that summary judgment was properly granted because this case was filed outside of the applicable statute of limitations, the merits of Smith's claims are irrelevant. Consequently, this challenge is moot and need not be addressed. See App.R. 12(A)(1)(c).
 III.
Smith's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
____________________________ DONNA J. CARR
BATCHELDER, P.J., WHITMORE, J. CONCUR.
[1] If the earlier date did make a difference, this Court would not be able to consider it. It is fundamental that reversible error must be demonstrated on the record before this Court. See Pennant Molding, Inc.v. C J Trucking Co. (1983), 11 Ohio App.3d 248, 251.