BELLE, Appellee,

v.

CARR, Mayor, Appellant.

[Cite as *Belle v. Carr*, 169 Ohio App.3d 286, 2006-Ohio-5689.]

Court of Appeals of Ohio,
Fifth District, Tuscarawas County.

No. 2006 AP 04 0021.

Decided Oct. 18, 2006.

Ryan D. Styer, Solicitor of Village of Newcomerstown, for appellee.

Donald P. Wiley and James F. Matthews, for appellant.

Boggins, Judge.

{¶ 1} Defendant-appellant, Jimmie D. Carr, mayor of the village of Newcomerstown, appeals the April 4, 2006 decision of the Tuscarawas County Court of Common Pleas, Probate Division, overruling his motion to dismiss.

{¶ 2} Plaintiff-appellee is Dennis G. Belle.

## STATEMENT OF THE FACTS AND CASE

{¶ 3} Appellant Carr is the elected mayor of the village of Newcomerstown. On or about March 6, 2006, the office of clerk-treasurer for the village became vacant. Mayor Carr appointed Kathie Conlon to fill the vacancy of clerk-treasurer for the remainder of the elected term.

{¶ 4} On March 27, 2006, Dennis Belle filed a complaint for the removal of Jimmie D. Carr as mayor of the village of Newcomerstown, Ohio, pursuant to R.C. 733.72 through 733.77. Attached to the complaint were the signatures of approximately 51 electors approving the complaint.

{¶ 5} The complaint contains the following nine paragraphs:

{¶ 6} "1. Plaintiff is a resident and elector of the municipal corporation of the Village of Newcomerstown, State of Ohio ('Village').

{¶ 7} "2. Defendant, Jimmie D. Carr, is the duly elected Mayor and an officer of the Village.

{¶ 8} "3. On or about March 6, 2006, the Village's duly elected Clerk–Treasurer, Terry Vesalenak, resigned from his office.

{¶ 9} "4. On or about March 6, 2006, Defendant appointed Kathie Conlon, AKA Kathie Lyons, to fill the vacancy of Clerk–Treasurer for the remainder of the elected term, i.e., until December 31, 2007.

{¶ 10} "5. Ms. Conlon is, and at all times relevant has been, Defendant's live-in girlfriend.

{¶ 11} "6. Ms. Conlon is poorly qualified to execute the duties of Clerk–Treasurer for the Village.

{¶ 12} "7. In appointing Ms. Conlon to the office of Clerk–Treasurer, Defendant failed to use that degree of care, skill, and diligence which the circumstances reasonably demanded.

{¶ 13} "8. Defendant's execution of his legal authority to appoint Ms. Conlon to fill the vacancy of the office of Clerk–Treasurer was improper, wrongful, malicious and injurious to the Village.

{¶ 14} "9. Defendant is guilty of misfeasance in office."

{¶ 15} On March 22, 2006, appellee filed an amended complaint containing the same nine paragraphs and containing the signatures of six electors approving the complaint. This complaint also contained a "sworn to and subscribed in my presence" clause executed before the deputy clerk.

{¶ 16} On April 3, 2006, Mayor Carr filed a motion to dismiss the complaint, stating that he had performed a discretionary act and raising immunity defenses.

{¶ 17} On April 4, 2006, the probate court denied the motion to dismiss.

{¶ 18} Appellant now appeals, assigning the following error for review:

## ASSIGNMENT OF ERROR

{¶ 19} "I. The probate court erred in failing to dismiss a case which seeks to remove an elected public official from office for appointing a fully qualified elector to a vacant position, a discretionary act to which immunity applies."

## I

{¶ 20} In his sole assignment of error, appellant argues that the trial court erred in denying his motion to dismiss. We agree.

{¶ 21} R.C. 733.72 provides the means by which any elector may file a complaint to remove an elected official from office for misfeasance or malfeasance:

{¶ 22} "R.C. 733.72. Charges against municipal officers filed with probate judge; proceedings.

{¶ 23} "When a complaint under oath is filed with the probate judge of the county in which a municipal corporation or the larger part thereof is situated, by any elector of the municipal corporation, signed and approved by four other electors thereof, the judge shall forthwith issue a citation to any person charged in the complaint for his appearance before the judge within ten days from the filing thereof, and shall also furnish the accused and the village solicitor or city director of law with a copy thereof. The complaint shall charge any of the following:

{¶ 24} " * * *

{¶ 25} "(C) That a member of the legislative authority or an officer of the municipal corporation has been guilty of misfeasance or malfeasance in office."

{¶ 26} An action to remove an elected official did not exist at common law. As a result, a suit brought pursuant to R.C. Chapter 733 is a special statutory proceeding. This determination necessarily implicates Civ.R. 1(C)(7), which provides that the Ohio Rules of Civil Procedure, "to the extent that they would by

their nature be clearly inapplicable, shall not apply * * * in * * * special statutory proceedings." See, e.g., *Petro v. N. Coast Villas, Ltd.* (2000), 136 Ohio App.3d 93, 99, 735 N.E.2d 985, fn. 3. It has previously been held that the Ohio Rules of Civil Procedure do not apply in an action for the removal of a public official. *2,867 Signers v. Mack* (1979), 66 Ohio App.2d 79, 84, 20 O.O.3d 142, 419 N.E.2d 1108. But, see, *Woodman v. Tubbs Jones* (1995), 103 Ohio App.3d 577, 583, 660 N.E.2d 520.

{¶ 27} However, the Ohio Supreme Court has stated, "Civ.R. 1 is clearly a rule of inclusion rather than exclusion. * * * To the extent that the issue in question is procedural in nature, the Civil Rules should apply unless they are 'clearly inapplicable.'" *Robinson v. B.O.C. Group* (1998), 81 Ohio St.3d 361, 370, 691 N.E.2d 667, quoting *Price v. Westinghouse Elec. Corp.* (1982), 70 Ohio St.2d 131, 132, 24 O.O.3d 237, 435 N.E.2d 1114. The term "clearly inapplicable" has been interpreted to mean that the courts should refrain from employing a particular civil rule "only when [its] use will alter the basic statutory purpose for which the specific procedure was originally provided in the special statutory action." *Robinson,* 81 Ohio St.3d at 370, 691 N.E.2d 667, quoting *Price,* 70 Ohio St.2d at 133, 24 O.O.3d 237, 435 N.E.2d 1114. Additionally, the 1970 Staff Notes to Civ.R. 1 explain that "the Civil Rules will be applicable to special statutory proceedings adversary in nature unless there is a good and sufficient reason not to apply the rules."

{¶ 28} We do not believe that there exists a good and sufficient reason why Civ.R. 12(B) should not apply in actions to remove an elected official. The application of the rule will not alter the basic statutory purpose for which R.C. 733.72 was originally enacted.

{¶ 29} Because the action in the case sub judice is a statutory cause of action, a complainant and its allegations must come within the language of the statute. *Chenault v. McLean* (1933), 48 Ohio App. 284, 287, 1 O.O. 371, 193 N.E. 352. Thus, pursuant to R.C. 733.72, a complaint must contain distinct charges and specifications of misfeasance or malfeasance in office. Id. at 284–285, 1 O.O. 371, 193 N.E. 352.

{¶ 30} As stated above, the only allegation of misfeasance averred in the complaint is appellant's appointment of Conlon to the position of clerk-treasurer, supported by the statement that she is "poorly qualified to execute the duties" of that position.

{¶ 31} The qualifications for the position, as set forth in R.C. 733.68, require only that the person be an elector of the city or village and that he or she must take an oath of office prior to undertaking official duties.

{¶ 32} Because Conlon is an elector in the village of Newcomerstown, as evidenced by her voter registration card, which is part of the record, she is presumptively qualified for the position of clerk-treasurer.

{¶ 33} This court concludes as a matter of law that the allegations in the complaint do not constitute misfeasance pursuant to R.C. 733.72, in that appellant appointed a statutorily qualified person to the fill the position.

{¶ 34} In the event that Conlon does not carry out the duties of the office competently, the electors of the village of Newcomerstown have a recourse in that they can, at that time, institute an action to have Conlon removed from office.

{¶ 35} Appellant's assignment of error is sustained.

{¶ 36} The decision of the Tuscarawas Court of Common Pleas, Probate Division, is reversed, and the complaint in this matter is dismissed.

Judgment reversed.

GWIN, P.J., concurs.

HOFFMAN, J., dissents.

HOFFMAN, Judge, dissenting.

{¶ 37} I respectfully dissent from the majority's analysis and disposition of this case.

{¶ 38} The trial court denied appellant's motion to dismiss. Appellant asserts that he was immune under R.C. Chapter 2744.[1] A decision denying the defense of sovereign immunity is subject to immediate appeal per statute. However, the majority goes beyond reviewing this limited issue and addresses the merits of appellee's complaint. Because the trial court overruled appellant's motion to dismiss and our review is necessarily limited to a determination of whether sovereign immunity applies, I believe that this court does not have jurisdiction at this time to decide the issue of whether appellee's complaint fails to state a claim. The trial court's failure to grant appellant's motion to dismiss for reasons other than sovereign immunity is not a final appealable order.

---

1. Immunity under R.C. Chapter 2744 is limited to claims for damages in a civil action for injury, death, or loss to person or property. Therefore, I find it inapplicable to an R.C. 733.72 removal proceeding.