PORTER, Appellee,

v.

CITY OF COLUMBUS, BOARD OF INDUSTRIAL RELATIONS et al., Appellants.

[Cite as *Porter v. Columbus Bd. of Indus. Relations* (1996), 111 Ohio App.3d 238.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE12–1618.

Decided May 23, 1996.

*Ronald J. O'Brien,* City Attorney, and *Alan P. Varhus,* Assistant City Attorney, for appellant.

*Cloppert, Portman, Sauter, Latanick & Foley* and *Frederic A. Portman,* for appellee.

———

Lazarus, Judge.

Appellants, city of Columbus, Board of Industrial Relations, et al. ("the board"), appeal from a judgment of the Franklin County Court of Common Pleas reversing the board's decision to deny additional injury leave benefits to appellee, Officer Marianne Porter. The board asserts two assignments of error:

1. "The court below erred in incorporating into the injury leave program available to police officer employees of the City of Columbus benefits for the cumulative effect of injuries."

2. "The court below erred and abused its discretion in finding the decision of the City of Columbus Board of Industrial Relations was unreasonable."

The assignments of error are related and will be discussed together.

Appellee's injury leave benefits are governed by a collective bargaining agreement between the Fraternal Order of Police and the city of Columbus, adopted by city ordinance. Under the terms of the collective bargaining agreement, a police officer is entitled to "injury leave with pay not to exceed six (6) calendar months for each service connected injury * * *." Article 28.1(A). "If there is a

recurrence of a previous service-connected injury, the member may be granted injury leave with pay not to exceed the balance of six (6) calendar months * * *." *Id.* at 28.1(D).

Pursuant to its authority under the contract, the board has promulgated rules for the administration of the injury leave program. Those rules provide:

"Rule 2 Definitions

"1. Injury: An injury is physical damage caused by an incident in the actual performance of the duties of the position.

" * * *

"3. Recurrence: A recurrence is an exacerbation of a prior service connected injury while employed with the City of Columbus. *If there has been no new incident since the date of the original service connected injury,* the employee must demonstrate that there has been a continuing disability and regular treatment directly related to the original injury. *If there has been a new incident since the date of the original service connected injury, the employee must demonstrate that the new incident was not an intervening incident.*

"4. Intervening Incident: If a new incident has occurred since the date of the original service connected injury, it shall be presumed to be an intervening incident, unless it can be demonstrated by the employee that the new incident is not the actual cause for disability, *but rather that the original injury has been the continuing cause of disability and treatment. An intervening incident in the actual and authorized performance of duties would constitute a new service connected injury eligible for injury leave.* * * *

"Rule 4. Appeals to the Board

" * * *

"F(8) *The employee shall have the burden of proof establishing his right to injury leave benefits. The standard of proof is a preponderance of the evidence.* * * *" (Emphasis added.)

In addition, Article 28.6 of the collective bargaining agreement, entitled "Additional Injury Leave," provides:

"Additional injury leave shall be granted for up to six (6) months in cases where injuries are such that a member cannot mark-up for regular or restricted duty. The granting of this additional injury leave shall be on a case-by-case basis."

Appellee was a Columbus police officer for almost ten years until she was granted disability retirement on July 16, 1994, because of back problems. During the course of and arising out of her employment, appellee sustained three

separate and distinct accidental back injuries. The first injury occurred on November 20, 1988, when appellee sustained a low back injury while attempting to restrain a male prisoner. She hurt her back again three days later while restraining another male prisoner. Appellee missed six days of work as a result of this injury.[1]

The second injury occurred on January 27, 1991. Appellee, attempting to aid a man who had slipped on ice, slipped on the ice herself and injured her lower back. Appellee missed nine days of work as a result of this injury.

The third injury occurred on February 25, 1992. Appellee strained the lumbar area of her back while pushing a disabled motor vehicle from the road. She returned to work March 3, 1992, but due to continuing back problems, she ceased working on November 1, 1993. Appellee was paid injury leave until February 20, 1994, when she exhausted her six-month entitlement for her February 25, 1992 injury.

Having exhausted her entitlement under her third injury leave claim, appellee sought to use the unused portion of injury leave benefits resulting from the January 1991 injury until her disability retirement on July 16, 1994. Her application was denied.

Appellee appealed the denial to the board. At a hearing, appellee submitted medical evidence indicating that each accident had a cumulative effect on her eventual inability to continue performing her duties as a police officer. She argued that this cumulative effect entitled her to a full six months of injury leave for each accidental injury and, therefore, once she had exhausted her six months of injury leave from one claim, she was entitled to the balance of her unused leave from the earlier claims. The board rejected this interpretation of the injury leave policy and affirmed the city's denial of additional benefits for the January 27, 1991 injury.

Appellee appealed to the court of common pleas. The court determined that the collective bargaining agreement, the rules and regulations of the board, and the city ordinance did not specifically refer to how an injury that is the result of three duty-related injuries should be treated for injury leave purposes. The court concluded that "it is a reasonable interpretation of the above-indicated documents and their intent that the period in question is covered by injury leave with pay." Consequently, the court held that the decision of the board was unreasonable and ordered the board to pay appellee injury leave benefits up to the date of appellee's disability retirement.

---

1. The parties treat the two incidents as one injury for purposes of the department's leave policy.

Whether appellee is entitled to apply the balance of her unused leave from a prior injury to her latest injury turns on the construction given to the contract. The purpose of contract construction is to effectuate the intent of the parties. *Skivolocki v. E. Ohio Gas Co.* (1974), 38 Ohio St.2d 244, 67 O.O.2d 321, 313 N.E.2d 374, paragraph one of the syllabus. "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." *Kelly v. Med. Life Ins. Co.* (1987), 31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411, paragraph one of the syllabus. As stated by the Supreme Court in *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 53, 544 N.E.2d 920, 923:

" * * * Where the parties, following negotiations, make mutual promises which thereafter are integrated into an unambiguous written contract, duly signed by them, courts will give effect to the parties' expressed intentions. Intentions not expressed in the writing are deemed to have no existence and may not be shown by parol evidence. * * * " (Citations omitted.)

Keeping in mind these rules of construction, it was error for the court to incorporate into the injury leave program a provision for the cumulative effect of injuries. The contract does not contain a specific policy for cumulative injuries. The plain language of the contract classifies injuries as "original service connected injuries," "intervening incidents," or "recurrences." The contract explicitly states that, if a new incident occurs after the date of the original injury, it is presumed to be an intervening incident constituting a new service-connected injury eligible for injury leave. If there has been a new incident after the original service-connected injury, the employee must demonstrate that the new incident was not an intervening incident. The contract allows a subsequent injury to relate back to the original injury only if it is a recurrence. Only in the case of a recurrence does the contract specify that an employee is entitled to the balance of six calendar months' injury leave. Appellee acknowledges that her injuries were separate and distinct. Therefore, under the language of the contract, they were not recurrences and must be treated as intervening incidents.

Principles of contract interpretation preclude us from rewriting the contract by reading into it language or terms that the parties omitted. The contract does not contain a provision permitting intervening incidents to relate back to the original injury, and we decline to rewrite the agreement under the guise of interpreting it. See *Hillsboro v. Fraternal Order of Police* (1990), 52 Ohio St.3d 174, 177, 556 N.E.2d 1186, 1189–1190. What happened to appellee was a contingency that might have been foreseen and specifically provided for in the contract but was not. "The law will not insert by construction for the benefit of one of the parties an exception or condition which the parties either by design or neglect have omitted from their own contract." *Montgomery v. Liberty Twp. Bd.*

*of Edn.* (1921), 102 Ohio St. 189, 193, 131 N.E. 497, 498. As stated in paragraph three of the syllabus of *E. Ohio Gas Co. v. Akron* (1909), 81 Ohio St. 33, 90 N.E. 40:

"While much regard will be given to the clear intention of the parties, yet where the contract is entirely silent as to a particular matter, the courts will exercise great caution not to include in the contract, by construction, something which was intended to be excluded."

Therefore, according to the terms of the agreement, appellee is not entitled to apply the balance of her unused leave from a prior injury to her latest injury.

The language of the collective bargaining agreement indicates that the city and the Fraternal Order of Police did foresee and provide for unusual situations. Article 28.6 appears to have been included in the contract as a catchall provision to allow flexibility in situations that are not specifically provided for in the collective bargaining agreement. Article 28.6 provides that an additional six months of injury leave *may* be granted on a case-by-case basis. Whether to grant such additional leave appears to be within the discretion of the board, and in appellee's case the board declined to allow her additional paid leave. Therefore, we find both assignments of error to be well taken.

For the foregoing reasons, both assignments of error are sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law, consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PETREE, P.J., and BOWMAN, J., concur.