OPINION
This is an appeal from a judgment of the Franklin County Court of Common Pleas which granted summary judgment in favor of defendant, The Columbus Athenaeum, Ltd. Plaintiff, Donald Dick, appeals that judgment and sets forth the following assignments of error:
 1. The trial court erred by granting appellee's motion for summary judgment because the intent of the parties, as seen from the language of the option agreement, was to rehabilitate the Columbus Athenaeum building, and appellee failed to meet its burden in seeking summary judgment.
 2. The trial court erred in failing to grant appellant's motion to strike appellee's motion for summary judgment because the motion was filed after the trial date was set.
 3. The trial court erred by failing to grant appellant's motion to compel discovery because appellee failed to produce evidence as to actual rehabilitation costs incurred and the respective interests of Mr. Aalyson and Ms. Johnson.
 4. The trial court erred in failing to refuse application for summary judgment or in ordering a continuance for discovery to be had pursuant to Rule 56(F).
Plaintiff was one of the original investors in defendant, a limited liability company formed to purchase and renovate the former Masonic Temple building located at 32 North Fourth Street in Columbus, Ohio. As a result of disagreement with other investors about the nature and scope of the planned project, plaintiff, on August 29, 1996, transferred his ownership interest back to defendant and, in exchange, received the amount of his original investment plus interest. As part of this transfer, plaintiff and defendant entered into an Option Agreement, which, upon the occurrence of certain events, gave plaintiff the right to purchase the building and its contents. The Option Agreement, a copy of which is attached to plaintiff's complaint pursuant to Civ.R. 10(D), provides, in pertinent part, as follows:
 In consideration of the transfer of shares of The Columbus Athenaeum, Ltd. (the "Company") from Don Dick to the Company, the Company and Don Dick hereby agree that, upon the first occurrence of either of the events set forth below, Don Dick shall * * * have the option to purchase the Columbus Athenaeum and its contents (as they both then are) at a purchase price equal to the Company Acquisition cost for the Columbus Athenaeum and its contents. In order to satisfy the foregoing condition, the cost of rehabilitating the Columbus Athenaeum must be at least equal to the Company's cost basis for the building, i.e. * * * ($1,075,000.00). * * *
The events giving rise to the right of Don Dick to exercise said option are:
 1. The Company has not, by December 31, 1997, obtained loans totaling an amount which, together with the Company's equity, equals the cost of acquiring and rehabilitating the Columbus Athenaeum; or
 2. Before the Company obtains loans totaling an amount which, together with the Company's equity, equals the cost of acquiring and rehabilitating the Columbus Athenaeum, (a) the Company shall become bankrupt, or (b) Mark Aalyson or Julie Johnson shall decide to reduce their respective $337,500 or $75,000 interests in the Columbus Athenaeum, Ltd.
By letter dated May 9, 1997, defendant notified plaintiff that his right to exercise the option had expired due to defendant's acquisition, on May 8, 1997, of a $1.8 million loan. In the ensuing months, the parties apparently exchanged telephone conversations regarding defendant's claim that plaintiff's option had expired. These conversations culminated in a January 6, 1998 letter from defendant to plaintiff, wherein defendant specifically informed plaintiff that under the provisions of the Option Agreement, plaintiff's right to exercise the option expired when defendant obtained loans totaling an amount which, together with defendant's $875,000 equity, totaled at least $2,150,000 (i.e., the $1,075,000 acquisition cost plus an equal amount for rehabilitating the property). Defendant enclosed a copy of the mortgage securing the $1.8 million loan, and a letter from defendant's accountants confirming defendant's total equity ($875,000) and the equity interests of investors Mark Aalyson ($393,750) and Julie Johnson ($87,500) as of May 8, 1997.
By letter dated January 7, 1998, plaintiff requested that defendant provide him with documentation substantiating that it had actually incurred rehabilitation costs in the building. Thereafter, on January 22, 1998, plaintiff provided written notice to defendant of his intention to exercise the option to purchase the building and its contents.
By letter dated January 30, 1998, defendant reiterated its position that plaintiff's right to exercise the option expired upon its obtaining a $1.8 million first mortgage loan. Defendant explained that "the total of that loan plus the company's $875,000 of equity $2,675,000 far exceeds the $2,150.00 ($1,075,000) total required by the option agreement. In response to a request by plaintiff for information regarding rehabilitation costs actually incurred by December 31, 1997, defendant provided a figure of $1,617,794.01; however, defendant noted that the information was "irrelevant to the option agreement" and that the option had expired on May 8, 1997.
On April 7, 1998, plaintiff filed a complaint alleging breach of contract and seeking a declaratory judgment as to his rights under the Option Agreement. Plaintiff's complaint alleged that his right to exercise the option had been triggered by two events: (1) the company's failure to expend the required sum in rehabilitating the building prior to December 31, 1997; and (2) Julie Johnson's sale or reduction of her ownership interest in the company prior to December 31, 1997. Defendant filed a motion to dismiss, or, in the alternative, for summary judgment. The motion was supported by the affidavit of Mark Aalyson, defendant's president. The trial court granted defendant's motion to dismiss. Plaintiff appealed the decision. This court reversed, finding that the dismissal was in error because the trial court considered evidence outside of the pleadings, i.e., Aalyson's affidavit. Dick v. The ColumbusAthenaeum, Ltd. (Aug. 12, 1999), Franklin App. No. 98AP-1292, unreported. In so finding, this court did not reach the merits of plaintiff's claims.
The case was reinstated on the common pleas court docket on October 6, 1999. On October 14, 1999, defendant filed a motion for summary judgment in which it argued that because both of the circumstances giving rise to plaintiff's right to exercise the option had been foreclosed, the "plain language of the Option Agreement demonstrates that plaintiff's option to purchase never became effective." In support of the motion, defendant again submitted Aalyson's affidavit, in which he attested that on May 8, 1997, defendant obtained a $1.8 million loan from Perpetual Savings Bank and a $300,000 loan from the city of Columbus. A copy of the mortgage securing the $1.8 million loan was attached to the affidavit. (Exhibit 1.) Aalyson also averred that defendant had never been either bankrupt or the subject of bankruptcy proceedings. The affidavit also referenced the letter from defendant's accountant to plaintiff's attorney certifying the capital contributions of Aalyson and Johnson and defendant's equity as of May 8, 1997. (Exhibit 2.) Also attached to the affidavit were copies of the aforementioned May 9, 1997, January 6, 1998, January 7, 1998, January 22, 1998, and January 30, 1998 letters.
On November 1, 1999, plaintiff filed a motion to strike defendant's motion for summary judgment, or, in the alternative, a memorandum contra defendant's motion. Plaintiff argued in the first instance that the motion for summary judgment should be stricken because it was filed after the date set for trial and without leave of court. Alternatively, plaintiff argued that under the terms of the Option Agreement, plaintiff's right to exercise the option expired only if defendant actually incurred at least $1.275 million in rehabilitation costs by December 31, 1997 ("The Parties agreed that Defendant would have to actually spend $1,075,000 to rehabilitate the Columbus Athenaeum building on or before December 31, 1997. * * * To the extent that Defendant's equity was less than $1,075,000, the Defendant had to incur (over and above the $1,075,000 in rehabilitation costs) additional rehabilitation costs in an amount equal to the difference between Defendant's equity and $1,075,000. * * *"). (Plaintiff's memorandum in opposition at 4.) Plaintiff maintained that since defendant failed to produce evidence demonstrating that it had incurred such costs, summary judgment was inappropriate.
Plaintiff attached his affidavit to the memorandum in opposition. In that affidavit, plaintiff averred that his intention in entering into the Option Agreement "was not only to buy back into the project should Defendant fail to spend money rehabilitating the Columbus Athenaeum by the end of 1997, but also to insure that the financing obtained by Defendant was actually used to rehabilitate the * * * building." Plaintiff further averred that the defendant had never provided him with documentation substantiating its claim that it had incurred $1, 617,794.01 in rehabilitation costs.
On December 16, 1999, the trial court filed a decision granting defendant's motion for summary judgment. The trial court rejected plaintiff's contention that his contingent right to exercise the option expired only if defendant actually incurred $1.275 million in rehabilitation costs by December 31, 1997. To the contrary, the trial court found that plaintiff's option expired on May 8, 1997, when, on that date: (1) the company had not gone bankrupt; (2) neither Aalyson nor Johnson had reduced their respective investments in the company; and (3) defendant obtained loans, which, when combined with the company's then-equity, exceeded the total acquisition and rehabilitation costs of $2.15 million. The trial court's decision was journalized by judgment entry filed January 3, 2000.
By his first assignment of error, plaintiff contends that the trial court erred in granting summary judgment in favor of defendant.
Civ.R. 56(C) provides, in relevant part, as follows:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *
Thus, summary judgment is appropriate only where the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Tokles Son, Inc. v. Midwestern Indemnity Co. (1992), 65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,65-66.
"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim."Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once the moving party meets the initial burden, the nonmoving party must then set forth specific facts showing that there is a genuine issue for trial. Id.
In reviewing a trial court's disposition of a summary judgment motion, an appellate court applies the same standard as that applied by the trial court. Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103,107. An appellate court reviews a summary judgment disposition independently and without deference to the trial court's determination.Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-359.
The heart of the dispute in the instant action is the parties' differing opinions as to the meaning of certain contractual provisions in the Option Agreement. First, the parties disagree about whether the operative event that would extinguish plaintiff's right to exercise the option was defendant's "obtain[ing] loans" or actually incurring rehabilitation costs. Second, the parties disagree about whether the operative time for determining if plaintiff's contingent option had expired was May 8, 1997, or December 31, 1997.
In considering the language of a written agreement, this court's primary objective is to "ascertain and give effect to the intent of the parties." Foster Wheeler Enviresponses, Inc. v. Franklin Cty. ConventionFacilities Auth. (1997), 78 Ohio St.3d 353, 361, citing Aultman Hosp.Assn. v. Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51, 53. "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." Foster Wheeler, supra, at 361, quoting Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130, 132. InAultman, the Ohio Supreme Court held that where parties, "following negotiations, make mutual promises which thereafter are integrated into an unambiguous written contract, duly signed by them, courts will give effect to the parties' expressed intentions." Id. at 53. When the terms of an agreement are unambiguous, courts will not, in effect, create a new contract by finding an intent not expressed in the clear language employed by the parties. Shifrin v. Forest City Enter. Inc. (1992),64 Ohio St.3d 635, 638, citing Alexander v. Buckeye Pipe Line Co.
(1978), 53 Ohio St.2d 241, 246. "Only when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions." Shifrin, syllabus.
Upon review of the Option Agreement in its entirety, we find that the language contained therein does not support plaintiff's contention that his right to exercise the contingent option expired only if defendant actually incurred rehabilitation costs in the Athenaeum building. To the contrary, we agree with defendant's position, i.e., that the clear and unambiguous language of the Option Agreement provides that plaintiff's option would have become effective only upon the occurrence of either of two events: (1) defendant's failure, by December 31, 1997, to obtain loans that, when combined with defendant's equity, exceeded $2.15 million (the sum of the acquisition and rehabilitation costs); or (2) before these loans were obtained, either (a) defendant became bankrupt or (b) Aalyson or Johnson reduced their respective investments in the company.
Plaintiff's interpretation of the Option Agreement interjects several new terms actual rehabilitation costs incurred that do not appear therein. It is well-settled that principles of contract interpretation preclude this court from rewriting the Option Agreement by reading into it language or terms that the parties omitted. See, e.g., Porter v. ColumbusBd. of Indus. Relations (1996), 111 Ohio App.3d 238, 242. Had the parties intended plaintiff's contingent option to hinge upon defendant actually incurring rehabilitation costs, they could easily have included language to that effect.
Further, defendant's interpretation of the Option Agreement gives proper effect to each term included therein; specifically, defendant's interpretation treats "obtained" as the operative verb. Plaintiff's reading completely ignores the phrase "obtain loans," which appears in both paragraphs of the Option Agreement that discuss the events giving rise to plaintiff's right to exercise the option. Plaintiff's position conflicts with "one of the cardinal principles of contract construction [which] is to give reasonable effect to every provision in the agreement." See, e.g., Stone v. National City Bank (1995),106 Ohio App.3d 212, 221.
We further disagree with plaintiff's contention that December 31, 1997, is the operative date for determining whether his right to exercise the option expired. Pursuant to the express terms of the Option Agreement, plaintiff's right to exercise the option was triggered if defendant, prior to obtaining loans, either went bankrupt, or if Aalyson or Johnson reduced their respective capital contributions. As noted previously, the undisputed evidence in this case establishes that defendant obtained the requisite loans on May 8, 1997; thus, that is the proper date of reference for the other two events. According to Aalyson's affidavit, defendant was not bankrupt on May 8, 1997, nor had either Aalyson or Johnson reduced their respective capital contributions prior to that date. The record is clear that neither of the two events which would have triggered plaintiff's right to exercise his option occurred before May 8, 1997. As such, plaintiff's right to exercise his contingent option officially expired on May 8, 1997.
Plaintiff offers no evidence to dispute the evidentiary materials offered by defendant in support of its motion for summary judgment. Rather, plaintiff merely argues that the proper date to analyze Aalyson and Johnson's respective capital contributions is December 31, 1997. According to the plain and unambiguous terms of the Option Agreement, however, the only significance of the December 31, 1997 date is that it was the ultimate deadline for defendant to obtain the requisite amount of loans. Based on the foregoing, this court finds that plaintiff's interpretation of December 31, 1997, as the operative date is unsupported by the express terms of the Option Agreement.
In short, the undisputed evidence submitted by defendant, i.e., that on May 8, 1997, defendant obtained a $1.8 million loan which, together with defendant's then-equity of $875,000, totaled significantly more than $2.15 million (the sum of the acquisition costs and rehabilitation costs); that defendant had not, prior to May 8, 1997, gone into bankruptcy; and that neither Aalyson nor Johnson had, prior to May 8, 1997, reduced their respective interests in the company, demonstrates that the circumstances set forth in the Option Agreement never materialized and that plaintiff's contingent right to exercise the option expired on May 8, 1997.
In so finding, we reject plaintiff's contention that the trial court erred in considering Aalyson's affidavit because it contains inadmissible hearsay and violates the best evidence rule. Upon review of the record, we find that plaintiff failed to object to Aalyson's affidavit when the case was before the trial court. Under these circumstances, defendant may not raise these issues for the first time on appeal. As this court explained in Dillon v. Waller (Dec. 26, 1995), Franklin App. No. 95APE05-622, unreported:
 * * * Generally, when a party fails to object to the introduction of evidence, the party waives the right to assign as error the introduction of the evidence. Therefore, any error predicated on their admission is waived and cannot be raised for the first time on appeal. * * *
Based upon the foregoing, the trial court did not err in granting summary judgment in favor of defendant. Plaintiff's first assignment of error is overruled.
By the second assignment of error, plaintiff contends that the trial court erred in denying his motion to strike defendant's motion for summary judgment, as defendant's motion was filed after the date set for trial and without leave of court. We disagree.
It is within the trial court's discretion to grant leave to file summary judgment, even if the case has already been set for trial.Woodman v. Tubbs Jones (1995), 103 Ohio App.3d 577, 582, citing ParamountSupply Co. v. Sherlin Corp. (1984), 16 Ohio App.3d 176, 179-180. An "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Brinkman v. Toledo (1992), 81 Ohio App.3d 429, 432. In the instant case, the trial court found it unnecessary that defendant seek leave to file its motion for summary judgment. Specifically, the court noted that the case had been remanded; that defendant filed its motion one week after the case was reinstated on the court's docket; that plaintiff had not identified any prejudice resulting from defendant's filing; and, based upon the procedural history of the case, plaintiff should have anticipated defendant's motion. Further, the record reveals that plaintiff submitted an extensive brief advancing his substantive arguments in opposition to defendant's motion. For these reasons, we cannot find that the trial court abused its discretion in concluding that defendant did not need to seek leave to file its motion. Moreover, to the extent leave to file was required, the trial court granted such leave when it ruled on the merits of defendant's motion. Woodman, supra,
citing Indermill v. United Savings, Inc. (1982), 5 Ohio App.3d 243, 244. Accordingly, plaintiff's second assignment of error is overruled.
By the third assignment of error, plaintiff contends that the trial court erred in failing to grant his November 4, 1999 motion to compel discovery regarding: (1) "actual rehabilitation costs incurred"; (2) the respective capital contributions of Aalyson and Johnson after May 8, 1997; and (3) defendant's equity after May 8, 1997. The trial court refused to compel production of these discovery items in light of its determination that the Option Agreement did not require defendant to actually incur rehabilitation costs and that plaintiff's option expired on May 8, 1997. Having determined that the trial court did not err in reaching these conclusions, we cannot find that the trial court abused its discretion in denying plaintiff's motion to compel. See Jaric, Inc.v. Chakroff (1989), 63 Ohio App.3d 506, 512. Accordingly, plaintiff's third assignment of error is overruled.
By the fourth assignment of error, plaintiff contends that the trial court abused its discretion by denying his request for continuance pursuant to Civ.R. 56(F).[1] As part of his response to defendant's motion for summary judgment, plaintiff submitted an affidavit stating that he was unable to allege sufficient facts concerning the amount of rehabilitation costs actually incurred by defendant and the respective ownership interests of Aalyson and Johnson as of December 31, 1997. Accordingly, plaintiff requested that the trial court delay consideration of defendant's motion for summary judgment until such time as this evidence could be obtained.
"The provisions of Civ.R. 56(F) are all discretionary. They are not mandatory." Carlton v. Davisson (1995), 104 Ohio App.3d 636, 648. As noted previously, the trial court determined that the Option Agreement did not require defendant to actually incur rehabilitation costs and that plaintiff's contingent option expired on May 8, 1997. Having concurred in this determination, we cannot find that the trial court abused its discretion in refusing to delay consideration of defendant's summary judgment motion in order to permit plaintiff to pursue irrelevant evidence. Accordingly, plaintiff's fourth assignment of error is overruled.
Having overruled all four of plaintiff's assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.
BOWMAN, P.J., and LAZARUS, J., concur.
[1] Civ.R. 56(F) provides: "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."