OPINION
Plaintiff-appellant, David Bess, appeals a decision of the Warren County Court of Common Pleas, granting summary judgment in favor of defendant-appellee, Traders World, Inc. We affirm the decision of the trial court.
In September 1999, appellant rented three outdoor booth spaces at the Traders World flea market which is owned and operated by appellee. He intended to use the spaces to display for sale his inventory of Beanie Babies. Upon renting the spaces, appellant received a receipt which indicates that, among other terms, sellers "agree to be responsible for any and all injuries or damages of persons or property arising from the occupancy of space[.]" However, appellant alleges that on a previous occasion, Jay Frick, the owner of the flea market, had told him that the market had security measures which offered "some protection" for vendors. Indeed, appellant was aware that the property was surrounded by a fence, had magnetically-controlled, lockable gates, and was patrolled after closing by a security officer.
On the evening of Saturday, September 18, 1999, appellant stored his inventory in a locked trailer which he left parked at the flea market overnight. When he returned on Sunday morning, he discovered that the padlock on his trailer had been changed. He immediately informed Frick of the suspicious discovery. Upon forcing the trailer open, he found that his entire inventory of Beanie Babies, which he estimated had a value of $60,000 to $75,000, was missing. The perpetrator of the theft was never identified.
Bess filed suit against Traders World, alleging negligence, breach of contract, and breach of bailment. Traders World filed a motion for summary judgment which the trial court granted. Bess appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF/APPELLANT IN GRANTING DEFENDANT/ APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN GENUINE ISSUES AS TO MATERIAL FACTS REMAINED IN DISPUTE.
Summary judgment is appropriate when (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,65-66; Civ.R. 56(C). "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once the moving party meets its initial burden, the nonmoving party must produce evidence on any issue that the party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108,111.
Our review of summary judgment is de novo. White v. DePuy, Inc. (1998), 129 Ohio App.3d 472, 477. Thus, we review the trial court's decision independently, following the standards in Civ.R. 56(C). Id.
Appellant first alleges that he was a business invitee of Traders World, and that Traders World was therefore required to use ordinary care in providing security measures to protect his property. Appellant contends that Traders World breached its duty of care by negligently failing to provide adequate security.
The Ohio Supreme Court has historically held that actionable negligence exists only when the plaintiff has shown a duty, a breach of duty, and an injury proximately caused by the negligent act. Menifee v. Ohio WeldingProducts (1984), 15 Ohio St.3d 75, citing DiGildo v. Caponi (1969),18 Ohio St.2d 125; Feldman v. Howard (1967), 10 Ohio St.2d 189. A business owes a duty to its invitees when a risk is reasonably foreseeable. Id. at 77. Foreseeability depends on the business' knowledge. Id. at 77. This knowledge is crucial when the business is charged with having breached a duty to exercise reasonable care to protect an invitee from the criminal acts of a third party.
As a general rule, businesses are not liable for the criminal acts of third parties. Fed. Steel Wire Corp. v. Ruhlin Constr. Co. (1985),45 Ohio St.3d 171. However, an exception exists when a special relationship exists between the parties. Id. at 173-174. If a business "exercises control over real or personal property and * * * is aware that the property is subject to repeated third-party vandalism, causinginjury to or affecting parties off the controller's premises, then aspecial duty may arise to those parties whose injuries are reasonably foreseeable, to take adequate measures under the circumstances to preventfuture vandalism." Id. at 177 (emphasis added). Consequently, the foreseeability of criminal acts depends upon the knowledge of the business, which must be determined from the totality of the circumstances. Feichtner v. Cleveland (1994), 95 Ohio App.3d 388 . Only when the totality of the circumstances is "somewhat overwhelming" will a business be held liable for the criminal actions of a third party against its business invitees. Id.; Reitz v. May Co. Dept. Stores (1990),66 Ohio App.3d 188.
In the present case, appellant has failed to present any evidence that there was a history of overnight thefts from Traders World vendors. In fact, the record is void of evidence that prior thefts had ever occurred at Traders World. Traders World was under no duty to safeguard appellant's property against an unforseeable criminal act by a third party. See id.
In the alternative, appellant contends that Traders World voluntarily undertook to provide security measures to protect vendors' property and was thus required to do so with ordinary care.
When one voluntarily assumes a duty to perform, and another reasonably relies on that assumption, the act must be performed with ordinary care.Best v. Energized Substation Serv., Inc. (1993), 88 Ohio App.3d 109;Elliott v. Fosdick Hilmer, Inc. (1983), 9 Ohio App.3d 309, 314. However, appellant has failed to produce any evidence to support the contention that Traders World voluntarily undertook to provide security measure for the benefit of its vendors, or that he reasonably relied on those measures.
The fact that Traders World has security measures in place does not permit the inference that the security measures are provided for the benefit of its vendors. The surrounding fence and security patrol are just as likely to be present for the flea market's own benefit as it is for the benefit of the vendors. Absent such evidence, there is no indication that Traders World assumed a duty to protect vendors' inventory from theft. Nor did appellant provide evidence that he reasonably relied on Traders World's alleged assumption of this duty. While he states in an affidavit that "no one from Trader's World told me that I * * * should not leave my locked trailer on the flea market grounds overnight," he does not state that he left the trailer on the grounds in reliance on the security measures provided by Traders World. Absent evidence of a duty assumed by Traders World and appellant's reasonable reliance on the assumption of duty, appellant's claim must fail.
Appellant next contends that the provision of security measures was an implied term of contract which was breached when Traders World failed to adequately protect his inventory. Because Frick had informed appellant on a prior occasion that Traders World provides "some protection" for vendors, appellant contends that the provision of security became a material term of the parties' contract.
With respect to this argument, we find that appellant has failed to demonstrate the existence of a contract which required Traders World to safeguard appellant's inventory. The only documentary evidence of the agreement between the parties is the receipt, signed by appellant, for the rental of three booth spaces. The receipt is silent on the provision of security services, except that it states that sellers are responsible for damage to property.
Principles of contract interpretation preclude us from adding to the contract by reading into it language or terms that the parties omitted.Porter v. Columbus Board of Industrial Relations (1996),111 Ohio App.3d 238, 242-243. The contract does not contain a provision requiring Traders World to safeguard vendors' merchandise, and we decline to rewrite the agreement under the guise of interpreting it. Id.;Hillsboro v. Fraternal Order of Police (1990), 52 Ohio St.3d 174, 177. The courts "will not insert by construction for the benefit of one of the parties an exception or condition which the parties either by design or neglect have omitted from their own contract." Porter, at 242, quotingMontgomery v. Liberty Twp. Board of Education (1921), 102 Ohio St. 189,193. Consequently, we find that appellant's breach of contract claim is without merit.
Appellant lastly contends that either an actual or constructive bailment was created when he left his inventory on the flea market grounds overnight. Appellant argues that Traders World, as a bailee of his inventory, is liable for the loss which occurred while the merchandise was in Traders World's exclusive possession. We disagree that a bailment existed.
A bailment is created "where one person delivers personal property to another for a specific purpose." Vandeventer v. Vandeventer (1999),132 Ohio App.3d 762, 767. Only possession is transferred, and ownership remains in the bailor. Id. at 767-68. In order to establish a cause of action in contract under a bailment theory, the bailor must prove "(1) the contract of bailment, (2) delivery of the bailed property to the bailee, and (3) failure of the bailee to redeliver the bailed property undamaged at the termination of the bailment." Id. at 768, quoting Davidv. Lose (1966), 7 Ohio St.2d 97, paragraph one of the syllabus. The contract of bailment is formed like any other contract. Its essential elements include delivery of the personal property to the bailee and acceptance by the bailee, with the intended return to the bailor. SeeMills v. Liberty Moving and Storage (1985), 29 Ohio App.3d 90. A bailment contract may be formed without the assent of both parties when custody is taken of property which is left by the bailor. However, absent an express agreement between the parties, the alleged bailor must take some act that is consistent with an intent to possess custody of the property. Ringler v. Sias (1980), 68 Ohio App.2d 230.
In the present case, there is only evidence indicating that a contract existed between the parties for the rental of three booth spaces. Standing alone, this does not create a contract of bailment for the property that appellant left overnight at Traders World. The subject matter of the parties' contract is the rental of space where the inventory was deposited, not personal property as required in a contract for bailment. Consequently, we find that there was no express contract of bailment between the parties.
As well, we find that the evidence does not indicate the existence of an implied or constructive bailment. Although appellant left his property at Traders World overnight, appellee did not take any action which would manifest an intent to exercise custody over the property. Placing personal property "upon the open land of another does not constitute even a constructive delivery of possession to the landowner."Id. Absent evidence that Traders World took custody or possession of the inventory, appellant's claim must fail. The assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.