[Cite as *Adams v. Glitz & Assoc., Inc.*, 2012-Ohio-4593.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   97984

---

## BERNARD ADAMS

PLAINTIFF-APPELLANT

vs.

## GILTZ & ASSOCIATES, INC.

DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-728962

**BEFORE:**   Boyle, J., Blackmon, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:**   October 4, 2012

**ATTORNEYS FOR APPELLANT**

Ronald D. Holman, II
Eric J. Weiss
Cavitch Familo & Durkin
1300 East Ninth Street
20th Floor
Cleveland, Ohio    44114

**ATTORNEYS FOR APPELLEE**

Thomas A. Barni
Renee S. Pienta
Dinn, Hochman & Potter, LLC
5910 Landerbrook Drive
Suite 200
Cleveland, Ohio    44124

MARY J. BOYLE, J.:

{¶1} Plaintiff-appellant, Bernard Adams, appeals from the trial court's judgments granting summary judgment in favor of defendant-appellee, Giltz & Associates, Inc. ("Giltz") and denying him summary judgment on his breach of lease claim. Adams claims that, under the lease agreement, he is entitled to recover attorney fees that he incurred in enforcing the lease against Giltz for its nonpayment of real estate taxes. But because Adams failed to serve the mortgagee the required notice of default under the lease — the party that ultimately cured the breach — the trial court found that Adams was not entitled to attorney fees under the lease. We affirm.

Procedural History and Facts

{¶2} Adams is the owner of the real property located at 12432 St. Clair Avenue in Cleveland, Ohio ("the Property" or "Parcel 3"). In January 1996, Adams, as lessor, and Giltz, as lessee, executed a Ground Lease for the Property and two adjoining parcels (Parcels 1 and 2). The following year, they entered into an Amendment and Restatement of Ground Lease (the "Ground Lease") for a term of 99 years. As consideration for the Ground Lease, Giltz prepaid the monthly rent due to Adams under the Ground Lease for the first 20 years.

{¶3} Under the terms of the Ground Lease, Giltz was permitted to assign or sublease its rights and obligations under the lease without the Landlord's written

consent. The Ground Lease also permitted the lessee to mortgage its leasehold interest in the Property.

{¶4} Giltz was the prior titled owner of a fourth parcel of property (Parcel 4) adjacent to Parcels 1, 2, and 3. Giltz entered into a sublease agreement with Moran Foods, Inc., d.b.a. Save-A-Lot, Ltd. ("Save-A-Lot") for their operation of a discount grocery store, situated on a portion of Parcel 3 and Parcel 4, which it assigned to the nonparty 125th and St. Clair Street Company, LLC ("125th").

{¶5} On February 19, 2002, Giltz assigned all of its rights, title, and interest in the Ground Lease to 125th by executing an Assignment and Assumption of Ground Lease. On this same day, U.S. Bank National Association obtained an open-end leasehold mortgage, security agreement and assignment of rents and leases on the Property from 125th.

{¶6} Neither Giltz nor 125th paid the real estate taxes for the year 2006 through 2010, totaling in excess of $106,527. The county treasurer in June 2009 commenced a foreclosure action on the Property seeking to recover the taxes owed. Consequently, Adams commenced the underlying action on June 10, 2010, alleging that Giltz breached Article 5.3(a) of the Ground Lease by failing to pay the real estate taxes on the Property for the years 2006 through the present. Adams further sought the award of attorney fees as provided under Article 16.7 of the Ground Lease for "reasonable attorney's fees * * * incurred by Landlord for enforcing the terms and provisions of this Lease."

**{¶7}** Giltz answered and counterclaimed, alleging that Adams had also breached the lease by failing to cooperate with Giltz with respect to the refinancing of certain mortgage obligations owed by Giltz on the Property.

**{¶8}** After filing his complaint in this case, Adams also commenced an eviction action in Cleveland Municipal Court, naming Giltz and 125th as defendants in his amended complaint, seeking to evict them from Parcel 3. Save-A-Lot and U.S. Bank — the mortgagee on the Property — intervened in the action. During the pendency of that case and the underlying case, the real estate taxes were paid by U.S. Bank in January 2011. Subsequently, on February 14, 2011, the Cleveland Municipal Court granted judgment in favor of the defendants on Adams's claim for possession and dismissed all pending counterclaims and cross-claims.

**{¶9}** In May 2011, Adams and Giltz filed cross-motions for summary judgment in this case. The trial court granted Adams's motion for summary judgment in part, finding that Adams was entitled to judgment on Giltz's counterclaim. With respect to Adams's breach of contract claim, the trial court denied Adams's motion for summary judgment, awarding judgment in favor of Giltz and stating the following:

Plaintiff's sole cause of action for breach of contract is moot as the breach has been cured. The Court finds that Plaintiff is not entitled to attorney fees for enforcing the terms and provisions of the lease when Plaintiff failed to properly effectuate notice of default under articles 16.1 and 15.7 of the lease and the breach was ultimately cured.

**{¶10}** From this order, Adams appeals, raising two assignments of error:

I. The trial court erred when it denied appellant Bernard Adams's motion for summary judgment as to the complaint.

II. The trial court erred when it granted appellee Giltz & Associates, Inc.'s motion for summary judgment.

{¶11} Adams raises the same arguments in support of both assignments of error. We will therefore address the assignments of error together.

Standard of Review

{¶12} We review an appeal from summary judgment under a de novo standard. *Baiko v. Mays*, 140 Ohio App.3d 1, 10, 746 N.E.2d 618 (8th Dist.2000). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 192, 699 N.E.2d 534 (8th Dist.1997).

{¶13} Civ.R. 56(C) provides that before summary judgment may be granted, a court must determine the following:

(1) no genuine issue as to any material fact remains to be litigated,

(2) the moving party is entitled to judgment as a matter of law, and

(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.

*State ex rel. Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 672 N.E.2d 654 (1996).

Contract Interpretation

{¶14} The sole issue in this appeal is whether Giltz is liable to Adams for Giltz's failure to timely pay the real estate taxes under the Ground Lease. Giltz claims that the belated payment of the real estate taxes did not alter Adams's right to damages, namely, attorney fees, under Article 16.7

of the Ground Lease. The resolution of Adams's assignments of error lies in the interpretation of the Ground Lease.

{¶15} The interpretation and construction of a written contract is a question of law, and therefore, appellate courts will review de novo the trial court's interpretation of a contract. *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1996). Leases are contracts subject to the traditional rules of contract interpretation. *Mark-It Place Foods v. New Plan Excel Realty Trust, Inc.*, 156 Ohio App.3d 65, 2004-Ohio-411, 804 N.E.2d 979, ¶ 29 (4th Dist.).

{¶16} The purpose of contract construction is to discover and effectuate the intent of the parties. *Saunders v. Mortensen*, 101 Ohio St.3d 86, 2004-Ohio-24, 801 N.E.2d 452, ¶ 9. The intent of the parties is presumed to reside in the language they chose to use in their agreement. *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 132, 509 N.E.2d 411 (1987). In determining the intent of the parties, the court must read the contract as a whole and give effect to every part of the contract, if possible. *Clark v. Humes*, 10th Dist. No. 06AP-1202, 2008-Ohio-640, ¶ 12.

{¶17} Article 16.7 of the Ground Lease provides in part the following:

> Tenant expressly agrees to pay all expenses that Landlord may incur for reasonable attorneys' fees * * * and all other costs paid or incurred by Landlord for enforcing the terms and provision of this Lease * * *.

{¶18} Relying on this provision, Adams contends that he is entitled to recover all the attorney fees that he incurred in connection with the foreclosure action, the eviction action, and in pursuing the underlying case. We disagree.

**{¶19}** First, we note that the recovery of fees in connection with the foreclosure action are precluded under the plain language of Article 16.7. The provision limits the recovery of fees for those incurred by Landlord "for enforcing the terms and provisions of this Lease." Notably, Adams never filed a cross-claim against Giltz in the foreclosure action, seeking to enforce the lease. Any alleged fees incurred in the foreclosure action arose from having to defend a third-party lawsuit related to Property covered under the Ground Lease. Article 16.7 does not provide for the recovery of fees under such circumstances.

**{¶20}** Next, we now turn to the issue of whether Adams is entitled to recover attorney fees for the eviction action and the underlying breach of lease claim filed in this case. Although Adams focuses his appeal on Article 16.7, we cannot read this provision in isolation and must give effect to the contract as a whole. Under Article 15.7 of the Ground Lease, Adams was required to provide the mortgagee, i.e., U.S. Bank, with notice of Giltz's failure to pay the real estate taxes, thereby giving U.S. Bank the opportunity to cure such default. The provision provides as follows:

> 15.7 <u>Notice to Default Served on Leasehold Mortgagees</u>
> No notice of default, as provided in Article XVI of this Lease, shall be valid, binding, and effective until the notice is served on all mortgagees in the manner set forth in this Lease, at the address set forth in the mortgage or the address that mortgagees provide to Landlord according to the provisions set forth in this Lease.

{¶21} Article XVI — titled "Default" — is the section containing the provision for recovery of attorney fees. Article 16.1 specifically lists those items that constitute a default under the lease, including the tenant's failure to perform any term or agreement under the lease.

{¶22} It is undisputed that Adams did not comply with Article 15.7. Adams argues that this provision is irrelevant to his claim for attorney fees because it was created for the sole benefit of the mortgagees and not applicable in his pursuit of attorney fees. But we find no basis to adopt such an interpretation. Indeed, there is absolutely no language in the Ground Lease that supports this position. And given that principles of contract interpretation preclude a court from rewriting the contract by reading into it language or terms that the parties omitted, we find that the trial court properly declined to do so. *See* *Porter v. Columbus Bd. of Indus. Relations*, 111 Ohio App.3d 238, 242, 675 N.E.2d 1329 (10th Dist.1996).

{¶23} Contrary to Adams's assertion, we find that, reading the contract as a whole, it is clear that the right to recover reasonable attorney fees incurred by the landlord for enforcing the lease arises when the tenant is in default. And given that Article 15.7 negates any finding of default when the mortgagee has not been served with such notice, Adams was not entitled to recover any attorney fees incurred in connection with the underlying action as well as the eviction action.

{¶24} Moreover, Adams's pursuit to recover the real estate taxes may have been avoided altogether had he properly complied with Article 15.7. Indeed, U.S. Bank —

the mortgagee — is the party that ultimately paid the outstanding real estate taxes on the Property.  Thus, at a very minimum, given the factual circumstances of this case, the award of attorney fees to Adams would not be reasonable as a matter of law and therefore precluded under the language of Article 16.7.

{¶25} Adams's two assignments of error are overruled.

{¶26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, JUDGE

PATRICIA ANN BLACKMON, A.J., and
LARRY A. JONES, SR., J., CONCUR