## DORF

### v.

## INDUSTRIAL COMMISSION OF OHIO.

Court of Common Pleas of Ohio,
Lucas County.

No. CI98–3507.

Decided March 21, 2000.

*Caruso & Georgetti & James D. Caruso,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for Industrial Commission of Ohio et al.

*Julia R. Bates,* Lucas County Prosecuting Attorney, and *Damian M.P. Rogers,* Assistant Prosecuting Attorney, for the Lucas County Prosecuting Attorney.

CHARLES WITTENBERG, Judge.

This matter is before the court upon cross-motions for summary judgment filed by both the plaintiff, Michael D. Dorf, and defendants, Industrial Commission of Ohio ("commission"), the Administrator of the Ohio Bureau of Workers' Compensation ("BWC"), and Julia R. Bates, the Lucas County Prosecuting Attorney. Upon due consideration of the pleadings, memoranda of counsel, and applicable law, the court finds plaintiff's motion well taken and, therefore, granted. Conversely, the court finds the motions for summary judgment filed by defendants, Industrial Commission of Ohio, the Administrator of the Ohio Bureau of Workers' Compensation, and the Lucas County Prosecuting Attorney, denied.

I Facts

Plaintiff is an attorney who is licensed to practice law in the state of Ohio. A substantial portion of plaintiff's legal practice includes the representation of claimants before the commission and the BWC. In the case *sub judice,* plaintiff

argues that if he were to solicit workers' compensation claims, he would face suspension from practice before the commission and the BWC, and other penalties pursuant to Ohio Adm.Code 4121–3–26. Thus, plaintiff asks this court to declare R.C. 4123.96 and Ohio Adm.Code 4121–2–01 unconstitutional. Plaintiff's assertion is based on the allegation that R.C. 4123.96 and Ohio Adm.Code 4121–2–01 prevent him from practicing in the workers' compensation area if he solicits clients with workers' compensation claims, thereby violating his right to free speech under the First Amendment to the United States Constitution.

R.C. 4123.96 states in pertinent part as follows:

"No person who solicits claims or who causes claims to be solicited shall be allowed to practice, or represent parties, before the industrial commission or the bureau of workers' compensation."

Ohio Adm.Code 4121–2–01(B) states:

"No person who solicits or who causes claims to be solicited shall be allowed to practice or represent parties before the industrial commission or the bureau * * *."

## II  Summary Judgment Standard

A motion for summary judgment will be granted only when, after a most favorable reading of the record evidence to the opposing party, there is no genuine issue over any material fact and the party filing the motion is entitled to judgment as a matter of law. See *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. A motion for summary judgment forces the party opposing the motion to produce evidence on any issue for which he bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

## III  Analysis

### A.  *Prosecutor Bates's cross-motion for summary judgment*

In her cross-motion for summary judgment, Prosecutor Bates argues that she is entitled to summary judgment because she cannot provide the relief sought by plaintiff, thus making her an improper party to this action. Prosecutor Bates argues that even if she were a proper party, she has not threatened nor is she about to commence proceedings to enforce an unconstitutional law against plaintiff. Further, the prosecutor asserts, the statute and rule in question are constitutional, therefore entitling her to summary judgment in her favor.

As the court stated in its previous ruling on the prosecutor's motion to dismiss, R.C. 4123.92 states that the prosecutor "*shall* institute and prosecute the necessary actions or proceedings" to enforce R.C. Chapter 4123 and R.C.

309.08(A) provides that the prosecutor "*shall* prosecute, on behalf of the state, all complaints, suits, and controversies in which the state is a party" (emphasis added). "Shall" usually means that the provision in which it is contained is mandatory. *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 107, 56 O.O.2d, 58, 60–61, 271 N.E.2d 834, 837. Further, "shall" must be "interpreted as permissive or advisory, however, if it appears from the wording, sense or policy of the statute that the legislature so intended." *Woodman v. Tubbs Jones* (1995), 103 Ohio App.3d 577, 581, 660 N.E.2d 520, 523, citing *Dorrian* and *In re Galloway* (1991), 77 Ohio App.3d 61, 71, 601 N.E.2d 83, 90.

Here, there is no indication in the wording of R.C. 4123.92 and 309.08(A) that the legislature intended "shall" to be permissive or advisory. Again, as has been previously ruled on by this court, Prosecutor Bates is a proper party to this action. Further, even though plaintiff may never actually be prosecuted, there is a threat of prosecution and even though the Attorney General has not yet directed the prosecutor to file charges against plaintiff, the threat of prosecution exists.

B. *Industrial Commission of Ohio and Administrator of the Ohio Bureau of Workers' Compensation's cross-motion for summary judgment*

In their joint motion for summary judgment, the commission and the BWC argue that the statute and rule in question do not address the solicitation of claims by an attorney; rather, the statute and rule state that "*no person*" who solicits claims shall be allowed to practice before the commission or the BWC. Further, these defendants assert that these provisions do not violate any protected right and are, therefore, not unconstitutional.

Section 2(B)(1)(g), Article IV of the Ohio Constitution vests the Supreme Court with exclusive authority over "the discipline of persons [admitted to the practice of law], and all other matters relating to the practice of law." As recently stated by the Ohio Supreme Court in *Disciplinary Counsel v. Coleman* (2000), 88 Ohio St.3d 155, 157, 724 N.E.2d 402, 404: "Section 2(B)(1)(g), Article IV of the Ohio Constitution gives the Supreme Court power over all matters relating to the practice of law." To help administer disciplinary matters, the Supreme Court enacted Gov.Bar R. V(1)(A), which establishes the Board of Commissioners on Grievances and Discipline of the Supreme Court. The board has exclusive authority to recommend disciplinary actions to the court against licensed attorneys. Gov.Bar R. V(2). *Cody v. Portage Cty. Bar Assn.* (Aug. 22, 1997), Portage App. No. 96–P–0264, unreported, 1997 WL 589915. Here, the court agrees with defendants that the statute's restrictions apply not only to attorneys who solicit workers' compensation claims, but also apply to any person. In the court's view, inasmuch as attorneys fall within the definition of "person," and many persons who are attorneys practice law, it can be said that these

enactments interfere with the Supreme Court's jurisdiction over the practice of law. If accepted, defendants' argument—that they are authorized to govern persons, which may include attorneys—would render meaningless the exclusive supervisory control of the practice of law given to the Supreme Court by the Ohio Constitution. It follows then, that the statute and rule, which attempt to restrict the practice of law by threatening to discipline attorneys (or persons) who solicit workers' compensation claims, are unconstitutional.

C. *Michael D. Dorf's motion for summary judgment*

In his motion for summary judgment, plaintiff argues that R.C. 4123.96 and Ohio Adm.Code 4121–2–01 violate the First Amendment of the United States Constitution. Further, plaintiff argues, through R.C. 4123.96 and Ohio Adm. Code 4121–2–01, the commission and the BWC have usurped the Ohio Supreme Court's exclusive jurisdiction over attorneys when this authority falls within the "inherent power [of the Supreme Court] to regulate, control and define the practice of law." See *In re Unauthorized Practice of Law in Cuyahoga Cty.* (1963), 175 Ohio St. 149, 151, 23 O.O.2d 445, 446, 192 N.E.2d 54, 56.

As to plaintiff's argument regarding infringement of the First Amendment, it has been consistently determined that a court will not reach federal constitutional questions unless it is forced to do so. *State ex rel. Lieux v. Westlake* (1951), 154 Ohio St. 412, 415, 43 O.O. 343, 345, 96 N.E.2d 414, 415; *Interstate Motor Freight Sys. v. Bowers* (1955), 164 Ohio St. 122, 57 O.O. 123, 128 N.E.2d 97, paragraph two of the syllabus; *Christensen v. Bd. of Commrs. on Grievances & Discipline* (1991), 61 Ohio St.3d 534, 535, 575 N.E.2d 790, 791, quoting *State ex rel. Herbert v. Ferguson* (1944), 142 Ohio St. 496, 27 O.O. 415, 52 N.E.2d 980, paragraph two of the syllabus. Here, this court has already determined that R.C. 4123.96 and Ohio Adm.Code 4121–2–01 violate the Ohio Constitution in that they attempt to circumvent the exclusive jurisdiction of the Ohio Supreme Court by disciplining attorneys (or persons) who solicit workers' compensation claims. Based on the foregoing, this court does not find the need to address the constitutional issue of free speech.

## JUDGMENT ENTRY

This court finds that the motion for summary judgment filed by plaintiff, Michael D. Dorf, is granted. In addition, the court finds the motion for summary judgment filed by defendants, Industrial Commission of Ohio and the Administrator of the Ohio Bureau of Workers' Compensation, is denied. Further, this court enjoins the Industrial Commission of Ohio and the Administrator of the Ohio Bureau of Workers' Compensation from attempting to enforce R.C. 4123.96 and Ohio Adm.Code 4121–2–01(B). Further, if such action is referred to the prose-

cuting attorney by the state, the Lucas County Prosecuting Attorney is then enjoined from enforcing such provisions.

*Judgment accordingly.*