OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court, the parties' briefs and their arguments to this court. Appellant/Cross-Appellee Attorney Richard Gibbs appeals the decision of the Mahoning County Court of Common Pleas dismissing his complaint for attorneys fees based on the lack of subject matter jurisdiction. Appellee/Cross-Appellant Kathy Myers appeals the decision of the trial court granting Appellee/Cross-Appellee Bureau of Workers' Compensation's Motion to Enforce Settlement Agreement.
 {¶ 2} The issues we must resolve are: (1) whether Gibbs, an attorney, was a proper party in an administrative appeal under R.C.4123.512; (2) whether the statutory thirty-day cooling off period found in R.C. 4123.65 is applicable to a state funded workers' compensation claim; and, (3) whether the settlement of a state funded workers' compensation claim must comply with the mandates of R.C. 4123.65. We conclude: (1) the trial court properly dismissed Gibbs' complaint as he was an improper party; (2) the statutory thirty-day cooling off period is not applicable to a state funded workers' compensation claim; and, (3) the settlement agreement in this case did comply with the mandates of R.C. 4123.65. For the following reasons, we affirm the decision of the trial court dismissing Gibbs' complaint for attorney fees and enforcing the settlement agreement.
 {¶ 3} This appeal originates from a complicated procedural history stemming from Myers' initial claim for workers' compensation. Myers was injured in the course of her employment on three separate occasions. All three state funded claims were recognized and paid. Myers subsequently requested that additional conditions be added to her claim. The Bureau of Workers' Compensation chose not to add the new diagnoses to her state-funded claim. Thereafter, Myers, with the assistance of Gibbs, her attorney, brought an appeal under R.C. 4123.512 challenging the Bureau's decision.
 {¶ 4} On April 12, 2000, Myers, Gibbs, the attorney for the Bureau, and the trial court judge signed a judgment entry stating the parties agreed to settle the matter for $42,000. On April 19, 2000, the Bureau forwarded a letter and "Final Settlement Agreement and Release" which Myers claims contained new terms not included in the original settlement agreement. Myers informed Gibbs she did not agree to the new terms, she was not satisfied with the settlement and would no longer accept the settlement. On May 3, 2000, Gibbs informed the Bureau of Myer's intent to withdraw from the settlement agreement. The Bureau then filed a motion to enforce the settlement agreement.
 {¶ 5} A hearing on the motion was held at which Gibbs orally moved to withdraw as counsel. Myers did not request that Gibbs withdraw but instead wanted to proceed on the merits of her appeal. Nevertheless, the trial court granted Gibbs' motion to withdraw. Soon after, Gibbs intervened in Myers' case as a plaintiff seeking attorney fees in the amount of $14,000. The trial court sustained the Bureau's motion to enforce the settlement agreement and Myers timely appealed from that ruling.
 {¶ 6} We concluded the order was not final and appealable since Gibbs' claim for attorney fees remained pending and therefore remanded the case for further proceedings. Upon remand, the trial court considered Gibbs' complaint for attorney fees and determined the following in its judgment entry dismissing Gibbs' complaint for attorney fees: (1) Gibbs was not a proper party in an appeal brought under R.C. 4123.512; (2) the Industrial Commission had exclusive jurisdiction to decide the attorney fee issue; and, (3) the trial court lacked jurisdiction to consider the request for attorney fees because Myers had since filed a fee dispute with the Industrial Commission. Gibbs timely appealed the dismissal of his claim for attorney fees.
 {¶ 7} As a practical matter, Gibbs would not be entitled to attorney fees until there is a binding settlement of Myers' claims. Therefore, we will address Myers' assignment of error first. As her sole assignment of error, Myers asserts:
 {¶ 8} "The trial court erred in granting Defendant's Motion to Enforce Settlement as the settlement agreement at issue failed to comply with R.C. § 4123.65."
 {¶ 9} Myers breaks down her assignment of error into two issues: (1) whether the thirty-day cooling off period provided by R.C. 4123.65 is applicable to the settlement of a state funded workers' compensation claim pending before a court of common pleas; and, (2) whether the "settlement agreement" at issue in this case complied with R.C. 4123.65 thereby binding Myers to its terms.
 {¶ 10} R.C. 4123.65 states in relevant part:
 {¶ 11} "(A) A state fund employer or the employee of such an employer may file an application with the administrator of workers' compensation for approval of a final settlement of a claim under this chapter. The application shall include the settlement agreement, be signed by the claimant and employer, and clearly set forth the circumstances by reason of which the proposed settlement is deemed desirable and that the parties agree to the terms of the settlement agreement * * *. If a state fund employer or an employee of such an employer has not filed an application for a final settlement under this division, the administrator may file an application on behalf of the employer or the employee, provided that the administrator gives notice of the filing to the employer and the employee and to the representative of record of the employer and of the employee immediately upon the filing. * * * Every self-insuring employer that enters into a final settlement agreement with an employee shall mail, within seven days of executing the agreement, a copy of the agreement to the administrator and the employee's representative. The administrator shall place the agreement into the claimant's file.
 {¶ 12} "(B) Except as provided in divisions (C) and (D) of this section, a settlement agreed to under this section is binding upon all parties thereto and as to items, injuries, and occupational diseases to which the settlement applies.
 {¶ 13} "(C) No settlement agreed to under division (A) of this section or agreed to by a self-insuring employer and the self-insuring employer's employee shall take effect until thirty days after the administrator approves the settlement for state fund employees and employers, or after the self-insuring employer and employee sign the final settlement agreement. During the thirty-day period, the employer, employee, or administrator, for state fund settlements, and the employer or employee, for self-insuring settlements, may withdraw consent to the settlement by an employer providing written notice to the employer's employee and the administrator or by an employee providing written notice to the employee's employer and the administrator, or by the administrator providing written notice to the state fund employer and employee."
 {¶ 14} In making its determination to enforce the settlement agreement, the trial court relied upon two rulings involving the application of R.C. 4123.65, namely, this court's ruling in Macek v.Admr. Bur. of Workers' Comp. (Dec. 21, 1999), 7th Dist. App. No. 99-CO-6, and the Ohio Supreme Court's decision in Gibson v. Meadow GoldDairy (2000), 88 Ohio St.3d 201, 724 N.E.2d 787. The main contention between the parties is whether Gibson overturned this court's prior ruling. We conclude it did not.
 {¶ 15} In Macek, the appellant similarly appealed the administrator's denial of benefits to the trial court. Significantly, the appeal was not initiated pursuant to R.C. 4123.65(A), but instead arose under R.C. 4123.512. Given those facts, this court found the "cooling off" period of R.C. 4123.65(C) did not apply.
 {¶ 16} "R.C. 4123.65(C) expressly states that it applies to claim settlements initiated under R.C. 4123.65(A) or to any settlement involving a self-insured employer. It is further noted that the purpose of the thirty day `cooling off' period of R.C. 4123.65(C) is to avoid settlements induced by fraud and coercion." Macek at 3.
 {¶ 17} The court reasoned,
 {¶ 18} "if every workers' compensation settlement agreement were subjected to the standards of R.C. 4123.65, then settlements would not be reviewable by a trial court, since R.C. 4123.65(F) states that any decision made under R.C. 4123.65 is not appealable to the court. However, R.C. 4123.512 sets forth the procedure for appealing the commission's decision with the proper court of common pleas. There is a further distinction between matters involving a state-funded employer and a self-insured employer. When an appeal involves a state-fundedemployer, the Administrator of the Bureau of Workers' Compensation is adirect party. However, when an appeal involves a self-insured employer,the Administrator is not a direct party. If appellant's position isadopted, the Administrator could potentially enter into a settlementagreement and then be required to submit such agreement to itself forapproval. Furthermore, Longacre, supra, upon which appellant relies, involved a settlement with a self-insured employer and the Administrator was not a direct party. Therefore, R.C. 4123.65 does not apply to judicial settlements arising from an appeal under R.C. 4123.512." (Emphasis added.) Macek at 4.
 {¶ 19} Subsequent to the ruling in Macek, the Ohio Supreme Court was faced in Gibson with deciding whether R.C. 4123.65 controlled a settlement agreement involving a self-insured employer when the appeal was initially brought under R.C. 4123.512. The court responded in the affirmative explaining,
 {¶ 20} "Though the general rule is that a trial court may enforce a settlement that was agreed to by the parties in the presence of the court, regardless of whether it has been reduced to writing, Mack, supra, 14 Ohio St.3d 34, 14 OBR 335, 470 N.E.2d 902; Spercel v. SterlingIndustries, Inc. (1972), 31 Ohio St.2d 36, 60 O.O.2d 20, 285 N.E.2d 324, that general rule is directed at settlements that affect only the interests of the parties before the court. But settlement of workers' compensation cases necessarily affects the interests of the workers' compensation system itself. Thus, R.C. 4123.65 allows thirty days for administrative review to protect those interests." Id. at 203.
 {¶ 21} The parties disagree as to whether the Ohio Supreme Court's opinion overruled this court's ruling in Macek. However, we find the Ohio Supreme Court clearly limited its holding with the following language:
 {¶ 22} "In reaching its decision, the court of appeals stated that R.C. 4123.65 applies to all settlements of workers' compensation claims. The administrator has asked us to rule that, as to employers insured by the State Insurance Fund, the statute applies only to settlements at the administrative level, not to settlements reached during an appeal under R.C. 4123.512. We do not address this issue because it is not properly before us in this case. Settlements involving state-fund employers are referred to in the statute with different language. For example, the statute applies to `every' self-insured settlement, but does not have corresponding language encompassing `every' state-fund settlement. We will thus not render an advisory opinion, preferring instead to address the applicability of R.C. 4123.65 to settlements involving state-fund employers in a case where that issue is presented and briefed. * * * Our decision today affirms that limited holding and does not address the enforceability of oral settlements involving state-fund employers." Id. at 203-204.
 {¶ 23} In the present case, in direct contrast to a self-insured employer case, the Bureau was a direct party to the case. When the settlement agreement was negotiated, all parties with an interest in the outcome of the case were present before the trial court. The administrative review was conducted at the time the settlement offer was made by the Bureau. Thus, we conclude the thirty-day cooling off period would be unnecessary and find our decision in Macek to be controlling. Myers is therefore not entitled to the thirty-day cooling off period pursuant to R.C. 4123.65.
 {¶ 24} We now turn to Myers argument that the settlement agreement approved by the trial court does not comply with the dictates of R.C.4123.65. This argument likewise fails. Myers claims the final settlement agreement papers that were sent to her after she signed the April 12, 2000 judgment entry contained new terms that were not agreed to by the parties. However, the trial court conducted a hearing on June 8, 2000 to determine whether there was in fact a settlement agreement. The trial court concluded "there is no question but that the Plaintiff agreed to the settlement terms on April 12, 2000. There is no evidence that the settlement was induced by fraud or coercion. The Plaintiff has simply changed her mind." We agree.
 {¶ 25} Consequently, we conclude the trial court properly enforced the settlement agreement and Myers' assignment of error is meritless.
 {¶ 26} As we have determined the settlement agreement should be enforced, we will now address Gibbs' complaint for attorney fees on its merits. As his first assignment of error, Gibbs states:
 {¶ 27} "The trial court erred as a matter of law in concluding that Myers could divest it of subject matter jurisdiction over Gibbs' complaint for attorney fees after Gibbs had negotiated a settlement on Myers' behalf and earned his attorney fee thereby establishing a common law lien; when that settlement had been reduced to a judgment enforcing it; and almost one year, and one appeal into the prosecution of the Gibbs' action for enforcement of his lien for attorneys fees, thereby disregarding the law of the case laid down by this court."
 {¶ 28} We remanded Myers' original appeal for the trial court to rule upon Gibbs' request for attorney fees. In that March 30, 2001 opinion, this court referenced both Lonas v. Kail (Jan. 25, 2000), 7th Dist. No. 491, and the statutory language of R.C. 4123.512, to demonstrate that the only parties to an administrative appeal are the administrator, the claimant and the employer. In that opinion, this court also determined the judgment entry from which Myers appealed was not a final appealable order since Gibbs' complaint for attorney fees remained pending with the trial court.
 {¶ 29} Gibbs' now argues the opinion dismissing the case for lack of a final appealable order represents the law of the case. Although Gibbs construes this court's prior opinion to mean a party may not invoke the jurisdiction of the Industrial Commission after a complaint has been filed with a trial court, we will refrain from addressing that particular issue as our discussion would be advisory at best. Because the trial court correctly decided Gibbs' was not a proper party to the administrative appeal, we need not address the subject matter of his complaint.
 {¶ 30} Pursuant to R.C. 4123.512, the only proper parties to an appeal are the administrator, the claimant, the employer, and in certain cases, the commission. We can find no provision, and Gibbs fails to cite to any provision, that would permit an attorney to intervene in this type of administrative appeal or, for that matter, any type of appeal. There is simply no rule that would provide for such an unusual request. Consequently, regardless of the content of Gibbs' complaint, we find the trial court did not err by dismissing Gibbs' improper pleading.
 {¶ 31} For his second and final assignment of error, Gibbs alleges:
 {¶ 32} "The trial court erred as a matter of law in not holding that O.A.C. 4123-3-24 interferes with the Ohio Supreme Court's Exclusive Jurisdiction over the practice of law, and the governance of Ohio attorneys, and is therefore unconstitutional under section 2(B)(1)(g), Article IV, Ohio Constitution."
 {¶ 33} In response to the trial court's request for arguments in opposition to Myers' motion to dismiss Gibbs' complaint for attorney fees, Gibbs presented the trial court with the holding in Dorf v.Industrial Commission (2000), 108 Ohio Misc.2d 38. Gibbs' counsel explained to the trial court a statute or regulation of the Workers' Compensation Bureau that attempts to regulate attorneys, their fees, or anything about them is unconstitutional as a violation of the Supreme Court of Ohio's exclusive jurisdiction to monitor attorneys and determine fees. Gibbs concedes on appeal, however, that Dorf did not specifically deal with attorney fees.
 {¶ 34} It is settled beyond argument that statutes enjoy a strong presumption of constitutionality. State v. Collier (1991),62 Ohio St.3d 267, 269, 581 N.E.2d 552. To prevail on this claim, Gibbs must show that the statute is unconstitutional beyond any reasonable doubt. State ex rel. Richard v. Bd. of Trustees of Police Firemen'sDisability Pension Fund (1994), 69 Ohio St.3d 409, 413,632 N.E.2d 1292. Gibbs has cited no authority to support his contention the Industrial Commission's regulation of attorney fees is in conflict with the Ohio Supreme Court's original jurisdiction to regulate the admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law.
 {¶ 35} Thus, Gibbs' has not met his burden. He fails to cite any relevant authority. To the contrary, a review of cases involving the exclusive power granted to the Ohio Supreme Court reveals this power deals mainly with admission to the bar and the unauthorized practice of law. Consequently, Gibbs' second assignment of error is meritless.
 {¶ 36} In conclusion, the trial court properly enforced the settlement agreement and dismissed Gibbs' complaint for attorney fees. Accordingly, Myers' sole assignment of error is meritless, Gibbs' assignments of error are meritless, and the decision of the trial court is affirmed.
Judgment affirmed.
Vukovich, P.J., and Waite, J., concur.